(March 18, 1889.)

## LINDENTHAL v. BURKE.

[21 Pac. 419.]

WRIT OF ATTACHMENT—DAY IN COURT—JUDGMENT.—When a debt claimed to be due by one person to another is attached as provided for by section 4309 of the Revised Statutes, and such person has been examined under section 4310 of the Revised Statutes, and the existence of liability denied, the court or judge has no power to order a judgment against such alleged debtor upon such examination.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

W. B. Heyburn and W. W. Woods, for Appellant.

The only jurisdiction the court or judge had was to make an order.   (*Mull v. Jones,* 33 Kan. 112, 5 Pac. 390; *Board v. Scoville,* 13 Kan. 17.)   The order, if made with jurisdiction to make it, would be only an assignment of the claim from the debtor to the creditor.   (*Railroad Co. v. Hopkins,* 94 U. S. 12; *Bank v. Pugsley,* 47 N. Y. 368.)   On proceedings supplementary to the execution, if the debt is denied, all the court or judge can do is to authorize by order the judgment creditor to bring his action.   (Rev. Stats., sec. 4510.)   The person sought to be charged as a debtor of the defendant in attachment must owe the defendant upon a demand which would be a cause of action in favor of the defendant against the attached debtor, upon which the former could at common law maintain an action of debt or *indebitatus assumpsit.*   (*Hassie v. God Is With Us Congregation,* 35 Cal. 378; *Nesbitt v. Ware,* 30 Ala. 68; *Williams v. Gage,* 49 Miss. 777; *Caldwell v. Coates,* 78 Pa. St. 312; *Webster v. Steele,* 75 Ill. 544; *Hoyt v. Swift,* 13 Vt. 129, 37 Am.

Dec. 586.) It must be a debt not subject to contingencies. (*Roberts v. Drinkard*, 3 Met. (Ky.) 309; *Bishop v. Young*, 17 Wis. 46; *Maduel v. Mousseaux*, 29 La. Ann. 228; *Railroad Co. v. McCullough*, 12 Gratt. 595; *Wood v. Buxton*, 108 Mass. 102; *Cutter v. Perkins*, 47 Me. 557.)

A. E. Mayhew, for Respondent.

The court or judge has jurisdiction to render judgment against the garnishee in cases like the present. (*Johnson v. Carry*, 2 Cal. 33; *Brummagim v. Boucher*, 6 Cal. 16; *Roberts v. Landecker*, 9 Cal. 262.)

LOGAN, J.—It appears that on the twenty-seventh day of July, 1887, the plaintiff commenced an action in the district court in and for the first district of Idaho territory, to recover $800 upon a promissory note against one Amadis Seymour. A writ of attachment was issued in the action, and on the thirtieth day of July, 1887, Burke, the appellant herein, was attached as a debtor of the defendant. Such proceedings were had in the action that on the twenty-fifth day of October, 1887, judgment was rendered against Amadis Seymour, the defendant, for $884.21, and forty-nine dollars and fifty-five cents costs. On the twenty-second day of November, 1887, the plaintiff filed an affidavit in the action stating that the defendant Burke had been attached as a debtor of the defendant Seymour, whereupon the court made an order requiring the defendant Burke to appear and answer touching any debts due by him to the defendant Seymour. The defendant Burke appeared, and the testimony upon the examination seems to have been somewhat conflicting. Upon the testimony so taken the court below ordered judgment in favor of the plaintiff and against defendant Burke for the sum of $933.76 and for twenty-six dollars and fifteen cents costs. It is contended here that the court below had no jurisdiction to try the question of indebtedness as between Burke and Seymour in that summary manner, and to render a judgment against Burke as a garnisheed defendant. Unquestionably the court had the power to direct the defendant Burke to submit to an examination in respect to the indebtedness, but had no power or authority con-

ferred upon him by statute in that manner to direct the entry of judgment against the defendant Burke, without allowing to said defendant a hearing upon issues duly raised. (*Bank v. Pugsley,* 47 N. Y. 368.) Section 4510 of the Revised Statutes provides a clear and distinct manner of proceeding in such cases. The court or judge might authorize the plaintiff, by order, if it seemed to him proper, upon the testimony, to commence an action against the defendant Burke, and in the meantime could have restrained the defendant from transferring or in any manner disposing of the interest of defendant until the action so ordered should be disposed of. The defendant Burke should not have been subjected to any different or harsher remedy than he would have been if he had failed to pay his indebtedness to Seymour. He was entitled to a trial of the issues between himself and Seymour, and the court had no power to deprive him of such trial. The judgment, therefore, in favor of the plaintiff in this action, and against defendant Burke, should be reversed, and the plaintiff left to his proceeding under the statute. Judgment reversed.

Weir, C. J., and Berry, J., concur.