(November 21, 1899.)

## SPAULDING v. COEUR D'ALENE RAILWAY AND NAVIGATION COMPANY.

[59 Pac. 426.]

PROCEEDINGS SUPPLEMENTARY TO EXECUTION—JURISDICTION OF JUDGE AT CHAMBERS—RECEIVERS.—A judgment creditor, in proceedings supplementary to execution, brought in a third party, a stranger to the judgment, claiming that such third party held or claimed property belonging to the judgment debtor; the third party appeared and claimed the property adversely to the judgment debtor; a hearing was had before the trial judge, at chambers, who held the property subject to the judgment, and appointed a receiver to take charge of the property and subject it to the satisfaction of the judgment. On appeal, *held*, that the original order appealed from is void for the reason the trial judge exceeded his jurisdiction in making said order, his jurisdiction being limited to making orders provided in section 4510 of the Revised Statutes of Idaho.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

Stephens & Bunn, G. W. Bunn and J. T. Morgan, for Appellants.

It is claimed that this is only a proceeding supplementary to execution and a continuation of the action at law. The Idaho statutes (Rev. Stats., secs. 4504-4511), cover proceedings supplementary to execution. Under the statute the judgment creditor, after issuing execution and its being returned unsatisfied, may obtain an order of the judge to examine the judgment debtor (sec. 4504); may by arresting the debtor obtain security against his absconding (sec. 4505); may reach indebtedness due the judgment debtor as by garnishment (sec. 4506); may obtain an examination by order of the judge, of any person claimed to have property of the judgment debtor in his possession (sec. 4507); the judge or referee may order any money or property of the judgment debtor in the hands of other persons turned over (sec. 4509); and under section 4510, if the third person claims such property adversely to the

judgment debtor, the court or judge may by order authorize the judgment creditor to institute an action against the adverse claimant. This suit was not authorized by order of the court or judge under this statute. It is an original, independent bill in equity. If it be claimed that it is a proceeding under the statute, it is equally an independent new suit subject to be removed to the federal court, because under section 4510 an independent action must be brought where the property is claimed by a third person adversely to the judgment debtor. (*McDowell v. Bell,* 86 Cal. 615, 25 Pac. 128; *Hartman v. Olvera,* 51 Cal. 501; *Town. v. Safeguard Ins. Co.,* 4 Bosw. 683; *Allen v. Finch,* 5 Colo. 327; *Everton v. Parker,* 3 Wash. St. 331, 28 Pac. 536.) Such third person's rights cannot be summarily disposed of in the original action. He is entitled to his day in court; to be served with process and pleadings, to answer or demur, to have his case tried on pleadings and proofs under the orderly and usual methods of judicial procedure. But this cannot be regarded as a proceeding under the statute because the statute has not been complied with. (*Herrlich v. Kaufmann,* 99 Cal. 271, 37 Am. St. Rep. 50, 33 Pac. 857; *Adams v. Hackett,* 7 Cal. 187; *Pacific Bank v. Robinson,* 57 Cal. 520, 40 Am. Rep. 120, and note; *McCullough v. Clark,* 41 Cal. 298; *In re Remington,* 7 Wis. 643; *Graham v. Railway, Co.,* 10 Wis. 459; *Sqerling v. Calfee,* 7 Mont. 514, 19 Pac. 204; *Lynch v. Johnson,* 48 N. Y. 27.)

Willis Sweet, for Respondent.

Appellant conclude their brief with a discussion in the nature of an objection to the character of the proceedings in the lower court. Of course, their ultimate conclusion is that these proceedings should have been removed to the federal court. We think that phase of the question has been fully presented, as well as fully adjudicated, and that it is unnecessary to pursue it further. What is the nature of the proceeding in question? It is a substitute for the former practice in chancery. (High on Receivers, 3d ed., sec. 401.) Under the code the proceeding is called "Proceedings Supplementary to Execution." It is summary in its character, and was insti-

tuted to avoid long and expensive suits in chancery, formerly necessary to reach the property subject to the debt. The proceeding in this instance was of a summary character. A receiver was asked for upon the return of the execution unsatisfied; the order appointing the receiver was made at chambers, upon notice to all parties who claimed to have any interest in the property which, by the petition, was claimed to be subject to the payment of the judgment. The proceedings was against the property of the judgment debtor, and might have been had without making the Pacific companies parties. The judge had full power to make the order at chambers. This is a proceeding supplementary to execution. The subdivision of section 4529, under which the receiver was appointed, is a part and parcel of the chapter of Revised Statutes covering supplementary proceedings, and it was under these statutes, construed together, that the judge acted. (Rev. Stats., sec. 4509; *Railroad Co. v. Spalding,* 93 Fed. 280; *Bates v. International Co.,* 84 Fed. 533, 534; *Cushman v. Johnson,* 13 How. Pr. 499; *People v. Meade,* 29 How. Pr. 363; *Real Estate Associates v. San Francisco,* 60 Cal. 227; High on Receivers, secs. 416-418.) Respondent intended to base this action, and did base it, upon section 4329 of the Revised Statutes. At the bottom of page 52 it is stated that the receiver was appointed under a subdivision of "4529." This mistake is, of course, due to the fact already stated, that these few pages were handed to the printer under the haste of the moment, and printed in the brief without having been read, and that section "4529" should have read "4329."

QUARLES, J.—The record in this case is very voluminous, and covers 621 printed pages. The facts necessary to be noticed are, briefly, as follows: That in 1887 the respondent, Spaulding, commenced an action against the appellant the Coeur D'Alene Railway and Navigation Company to recover upon a claim for construction work upon said appellant's railroad in this state, which action finally resulted in a judgment in favor of the respondent and against said appellant, rendered April 26, 1896, for the sum of $36,587, which judgment was afterward affirmed by this court on appeal (5 Idaho, 528, 51

Pac. 408). Upon this judgment an execution was issued against said judgment debtor, Coeur D'Alene Railway and Navigation Company, placed in the hands of the sheriff of Kootenai county, and by said sheriff returned "No property found." Thereafter the said judgment creditor, the respondent, Spaulding, filed, May 3, 1898, in the district court below, his verified petition setting forth said facts, and alleging that the appellants the "Northern Pacific Railroad Company and the Northern Pacific Railway Company have, or claim to have, some interest" in and to the said railroad upon which said construction work was done. The petition contained the following prayer for relief, to wit: "Wherefore your petitioner prays that any and all claims or pretended claims of the said Northern Pacific Railroad Company and the said Northern Pacific Railway Company be declared subsequent, subject, and inferior to the said judgment of your petitioner; that a receiver be appointed by this honorable court to take possession and control of all the properties heretofore described, and to proceed with all due diligence to sell the same, and apply the proceeds of said sale toward the payment of the judgment of your petitioner herein set forth, and for said purpose that the said receiver be directed and empowered, whenever necessary or proper, to manage, operate, and control the steamboats, railroads, and other property in this petition set forth, and to take all steps necessary in the premises, which may from time to time be necessary and proper under the directions and order of this court, and to apply the proceeds arising from the operation or sale of said property to the payment of said debt; and your petitioner prays for such other and further relief as to the court may seem equitable, proper, and just." To this petition the appellants, after notice to them, filed an answer denying many of the affirmative allegations of said petition, and affirmatively alleging facts showing that the Northern Pacific Railway Company asserted and was asserting a claim to said property, and to the title thereof, adversely to the said judgment debtor, the Coeur D'Alene Railway and Navigation Company. The petition and proceedings thereunder were had under the provisions of chapter 2, title 9 of the Code of Civil

Procedure, covering sections 4504 to 4511 of the Revised Statutes, both inclusive, providing for "proceedings supplementary to the execution," and came on for hearing before the district judge sitting at chambers, and was determined by said district judge at chambers on the twenty-seventh day of July, 1899, who, by order then made, held said property, notwithstanding the adverse claim of the said Northern Pacific Railway Company, subject to the debt of the respondent, and appointing a receiver to take charge of the property and to sell the same, or so much thereof as necessary to satisfy said judgment. From the order appointing a receiver and directing him to subject the said property to the respondent's debt, the appellants moved for a new trial, which was denied, whereupon said appellants appealed from said order denying a new trial, and also from said original order.

The order appealed from is, in effect, a final judgment, which, if valid, settles the rights of the parties, and determines the adverse claim of the appellant the Northern Pacific Railway Company to the property sought to be subjected to respondent's debt against said appellant. There are numerous assignments of error, both in the bill of exceptions and in appellants' brief, touching the rulings of the district judge during the trial, nearly all of which affect the merits of the controversy, but some of them go to the jurisdiction of the district judge to render the decree or order appealed from. Under our view of this case, it is not necessary for us to pass upon the merits of the controversy. Section 4510 of the Revised Statutes is as follows: "If it appears that a person or corporation, alleged to have money or property of the judgment debtor, or to be indebted to him, claims an interest in the money or property adverse to him, or denies the debt, the court or the judge may authorize, by an order made to that effect, the judgment creditor to institute an action against such person or corporation, for the recovery of such interest or debt, and the court, or judge, may, by order, forbid a transfer, or other disposition of such interest or debt, until an action can be commenced and prosecuted to judgment. Such order may be modified or vacated by the judge granting the same, or

the court in which the action is brought, at any time, upon such terms as may be just." Said section prescribes the duty of the court or judge. If, as in the case at bar, it appears that a person or corporation alleged to have property of the judgment debtor claims an interest in the property adverse to him, "the court or judge may authorize, by an order made to that effect, the judgment creditor to institute an action for the recovery of such interest." This statute is plain, and free from ambiguity. It needs no construction. It prescribes the jurisdiction of the "court or judge," and limits such power to making the orders therein named. We regard the conclusion that the order appealed from is *coram non judice* as inevitable. The judge had no jurisdiction to make it. The question of jurisdiction is never waived, and it was the duty of the district judge to determine his authority to act before assuming to act. His failing to do so, but assuming to act without jurisdiction, does not relieve this court from the duty of determining the question of jurisdiction. That an order of the kind under consideration is void, see the following authorities, to wit: *Lindenthal v. Burke,* 2 Idaho, 571, 21 Pac. 419; *McDowell v. Bell,* 86 Cal. 615, 25 Pac. 128; *Lewis v. Chamberlain,* 108 Cal. 525, 41 Pac. 413. We are forced to conclude that the order appealed from, in so far as it affects the adverse claim of the Northern Pacific Railway Company in and to the property claimed by it, and sought to be subjected to respondent's debt, is absolutely void, and that portion of the same appointing a receiver and prescribing his duties is erroneous, as said section 4510 provides for adequate protection to the respondent, and a receiver was unnecessary. Both of the orders appealed from are reversed, and the cause remanded for further proceedings in conformity with the views herein expressed. Costs of appeal awarded to the appellants.

Huston, C. J., and Sullivan, J., concur.

ON REHEARING.

(December 18, 1899.)

SULLIVAN, J.—This is a petition for rehearing. Counsel for respondent urges that the conclusion reached by the court

was upon the theory that respondent's supplementary pro-
ceedings were based upon the provisions of sections 4506-4510,
under chapter 2 of the Revised Statutes of 1887, entitled "Pro-
ceedings Supplementary to Execution," and contends that that
conclusion is error; and it is contended that the proceedings
referred to were brought under section 4329, chapter 5, of said
Revised Statutes, entitled "Supplementary Proceedings."
Counsel admits that, as said sections 4329 and 4510 are sup-
plementary in character, they may be construed together, but
that it would be impossible to present a petition to a district
judge which would entitle a petitioner to the order contem-
plated in the petition in this case, or that would entitle him to
any relief whatever, as the facts upon which this proceeding
was predicated do not show the conditions contemplated under
the provisions of said chapter 2. It is also contended that the
proceedings passed upon in this case do not in any way involve
the discovery of property of the judgment debtor in the hands
of a third party, held adversely to such debtor, but that the
contention is, the property in controversy came into the hands
of Northern Pacific Railroad Company and Northern Pacific
Railway Company legally, but that it was purchased with notice
of respondent's debt against the property; that said property
was purchased under the foreclosure sale by said railroad com-
pany *cum onere,* and that the property itself is subject to the
debt of the respondent; and that the most important question
involved is one of priority of liens, and that such priority can-
not be tried or determined by way of the provisions of said
chapter 2. This, we believe, sets forth fairly and fully the
contention of the respondent. Counsel for the respondent con-
cede that the main question submitted to the judge at chambers
was the question of priority of liens, and also urge that the
proceedings from which this appeal arose were instituted under
the provisions of section 4329 of the Revised Statutes, which
section is as follows: "A receiver may be appointed by the
court in which an action is pending or has passed to judgment,
or by the judge thereof: 1. In an action by a vendor to vacate
a fraudulent purchase of property, or by a creditor to subject
any property or fund to his claim, or between partners or others

jointly owning or jointly interested in any property or fund, on the application of the plaintiff or of any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured. 2. In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the condition of the mortgage has not been performed and that the property is probably insufficient to discharge the mortgage debt. 3. After judgment to carry the judgment into effect. 4. After judgment to dispose of the property according to the judgment or to preserve it during the pendency of an appeal, or in proceedings in aid of execution, when an execution has been returned unsatisfied, or when the judgment debtor refuses to apply his property in satisfaction of the judgment. 5. In the case when a corporation has been dissolved or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights. 6. In all other cases where receivers have heretofore been appointed by the usages of courts of equity." In the opinion in this case the court held that the original order appealed from was void for the reason that the judge exceeded his jurisdiction in making said order, and that his jurisdiction was limited to making the orders provided for by section 4510 of the Revised Statutes. In a careful consideration of the petition for a rehearing, we find no reason to change our views as therein expressed in regard to the provisions of that section of the Revised Statutes.

The petition in this matter sets forth the facts that an execution had been issued in the original case, and returned *nulla bona.* Also, that by reason of a pretended sale, the exact nature of which the petitioner was not able to state, said Coeur D'Alene Railway and Navigation Company attempted to sell the property in question to the Northern Pacific Railroad Company, and that said last-named company now claims to be the owner of all of said property, and that whatever interest said company has in and to said property is subordinate and inferior to the rights of the petitioner. Petitioner prays that the claims

and interest of said Northern Pacific Railroad Company and the Northern Pacific Railway Company be declared subsequent, subject, and inferior to the said judgment of the petitioner. Evidently said petition was framed with a view of asking relief in aid of execution. Subdivision 4 of section 4329 provides for the appointment of a receiver in proceedings in aid of execution when an execution has been returned unsatisfied. Said section does not prescribe the proceedings necessary to be had in such cases. In order, then, to ascertain the necessary proceedings to be had in such cases, we turn to title 9, chapter 2 of the Revised Statutes, entitled "Proceedings Supplementary to the Execution," and there we find rules laid down for the procedure in supplementary proceedings in aid of execution. Subdivision 4, section 4329, and sections 4507-4510, found in said chapter 2, relate to the same subject, and must be construed together. Said section 4329 contains no provisions authorizing the judge at chambers to determine the priority of liens of conflicting claimants, as was done in this case. That section authorizes the judge in certain cases to appoint a receiver; nothing more. Under the provisions of said section 4510, upon certain facts being shown, the judge may authorize the judgment creditor to institute an action, and may forbid the transfer or other disposition of the property or debt involved. That is the extent of the judge's jurisdiction. He cannot proceed, and determine the conflicting claims, as was done in this proceeding. A proper suit must be brought for that purpose. The United States circuit court of appeals, in deciding the question of removal of the case of *Navigation Co. v. Spalding,* 35 C. C. A. 295, 93 Fed. 280, evidently understood that said petition was to a state court, and to be determined by a court. It holds that a petition to a state court asking the appointment of a receiver in aid of execution, as authorized by a state statute, and that a judgment previously obtained in such court be declared a first lien on property as against others claiming an interest therein, is purely an ancillary proceeding for the enforcement of a judgment, and is not removable. That decision proceeded upon the theory that the application to appoint a receiver and to have the priority of

lien determined was made to and to be tried by a state court, when, as a fact, said application was directed to the court, but was heard and determined by the judge at chambers. Had a proper suit been brought in court for the purpose of determining the priority of liens, and to have a receiver appointed, and said Northern Pacific Companies made defendants, and brought into court, the court would have had jurisdiction to try such suit, which would have been ancillary and supplemental to that of *Navigation Co. v. Spalding,* 35 C. C. A. 295, 93 Fed. 280. But said proceedings were heard and determined by the judge, and not by the court. The judge at chambers had no jurisdiction to determine in that proceeding the priority of liens as between said judgment creditor and said Pacific Companies. The circuit court of appeals evidently understood (and it is so) that the petition for the appointment of a receiver and for a determination of the priority of liens was to be heard and determined by the district court, and not by the judge at chambers, as was finally done. The court, in the opinion, says: "The same may be said with respect to the petition to the state court to declare a priority in favor of the judgment in the original suit." The state court had jurisdiction to hear and determine that matter, but the district judge did not have such jurisdiction. The whole difficulty in this matter apparently arose out of the fact that the priority of the liens referred to was determined by the district judge, instead of by the court.

Counsel for petitioner contend that whether the question of priority of lien can be heard and determined at chambers by the judge depends altogether upon the construction of the statute, and that construction depends upon whether, under *Bates v. International Co.* (C. C.), 84 Fed. 518, these supplementary statutes may be construed together; and, if so, said section 4509 empowers the judge or referee to order the sale of the property, if he finds the property to be subject to the payment of the debt. That said sections must be construed together in the case at bar we have no doubt, and that the judge or referee may order any money or property of the judgment debtor, not exempt from execution, in the hands of such debtor, or in the hands of any other person, to be ap-

plied toward the satisfaction of the judgment, where there is no adverse claim to said money or property. But section 4510 must be construed with section 4509 and the other sections of that chapter. Said section provides that if, in the proceedings provided by said sections 4507, 4508 and 4509, it appears to the court or judge that a person or corporation alleged to have property or money of the judgment debtor, or to be indebted to him, claims an interest in the money, or property adverse to the judgment debtor, or denies the debt, the judge may authorize an action against such person or corporation. The judge is not empowered in that proceeding to hear and determine the rights of the parties to the property or money under that state of facts, but may order an action to be brought for that purpose. Counsel for petitioner contends that the judge in said proceeding sat as a chancellor, and had all of the powers of one, and as the court sat as his own chancellor, no report was necessary before making the order determining the priority of liens. The provisions of said section 4510 will not sustain that view, for the reason that the judge's powers in such matters are limited, by the provisions of said section, to making an order to bring an action to determine the rights of the respective parties to the property or money in question. He cannot proceed and try that question sitting as a judge at chambers. The petition for a rehearing is denied.

Huston, C. J., and Quarles, J., concur.