---

(63 App. Div. 41.)

In re DE PONCE DE LEON et al.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

SUPPLEMENTARY PROCEEDINGS—EXAMINATION OF THIRD PARTY.

Under Code Civ. Proc. § 2441, entitling a judgment creditor to an order requiring any person having property of the judgment debtor to be examined concerning the property, such person cannot avoid examination by submitting an affidavit asserting himself to be the owner of the property in question, and stating the circumstances under which the transfer took place.

Appeal from special term, New York county.

Application of Antonia Bachiller De Ponce De Leon, a judgment creditor, for the examination of the Mutual Reserve Fund Life Association in a proceeding supplementary to an execution against the Northwestern Life Assurance Company. From an order limiting the examination requested, applicant appeals. Reversed.

The judgment creditor obtained an order for the examination of the Mutual Reserve Fund Life Association as a third party in a proceeding supplementary to an execution against the property of the Northwestern Life Assurance Company, the judgment debtor. Upon the day fixed for the examination, a statement in writing, sworn to by an officer of the Mutual Reserve Association, was presented, showing the property which it had received, and purporting to state the rights which that association had therein; and annexed was a copy of the agreement under which the association obtained the property formerly belonging to the judgment debtor, of the value of $294,-168.77, the title to which it claims by virtue of the provisions of said agreement. The affidavit thus concludes: "That it [the Mutual Reserve Association] has received from said Northwestern Life Assurance Company no other property; that it has in its possession or under its control no property belonging to the said * * * company, and it is not indebted to said * * * company in any sum of money whatever." This was met by the affidavit of one of the attorneys for the judgment creditor, who stated that the summary of the property received, together with the other averments of the affidavit "are false and evasive, and that they do not fully and truly set forth the character and bona fides of the transfer * * * of the judgment debtor's property, or of the assets thereby received"; and the opposing affidavit contains additional statements of what the judgment creditor desires to obtain from the examination. Upon this showing the special term ordered "that further examination of the said Mutual Reserve Fund Life Association as such third party be, and the same hereby is, denied." From such order the judgment creditor appeals.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

David B. Simpson, for appellant.
W. T. B. Millikin, for respondent.

O'BRIEN, J.  The question presented upon this appeal is whether a third party ordered to attend an examination under section 2441 of the Code of Civil Procedure can avoid such examination by submitting an affidavit asserting its ownership of the property which had belonged to the judgment debtor, and showing how much property there was, and under what circumstances the transfer thereof took place.  Cases can be found, based on the language of the old Code, which sanction such a practice, some of which are referred to in the memorandum of the learned judge at special term; but, in view of the provisions of the present Code of Civil Procedure, we do not think that the practice can be supported.  The language employed in section 2441 of the Code is that "the judgment creditor is entitled to an order requiring that person or corporation to attend and be examined concerning the debt or other property."  This language, it will be noticed, is similar to that used in section 2435 of the Code of Civil Procedure,—which relates to the order for the examination of the judgment debtor,—that the judgment creditor "is entitled to an order requiring the debtor under the judgment or order to attend and be examined concerning his property."  And in section 2444 of the Code it is provided:  "Upon an examination under this article  *  *  *  either party may be examined as a witness in his own behalf, and may produce and examine other witnesses, as upon the trial of an action."  Evidently this last section embraces the examination both of the judgment debtor and a third party, because both are "under this article"; and thus the distinction which existed by reason of the language employed under the former Code between the examination of a judgment debtor and a third party has been eliminated.  To emphasize this view, we have in the present Code an entirely new provision in section 2460, which reads as follows:

"A party or witness examined in a special proceeding authorized by this article is not excused from answering a question on the ground  *  *  *  that he or another person claims to be entitled as against the judgment creditor, or a receiver appointed or to be appointed in a special proceeding, to hold property, derived from or through the judgment creditor."

The examination, therefore, which is now allowed of a third party to whom property of the debtor has been transferred, is as full and extensive as of the judgment debtor himself, and the right which the creditor has to such an examination cannot be taken away by the presentation of a statement by the third person as to his relations concerning the property, even though such statement be sworn to, for the reason that it is not, in our opinion, the equivalent of the examination allowed by the Code.  The right which, in express language, is given, is to examine the third party; and, although it was within the power of the court to prevent such right of examination being abused, and which power should be exercised, it was not within its power to take away or to limit that right in the way here sought to be done.

The order appealed from should accordingly be reversed, with $10 costs and disbursements, and the order for the examination of the third party should be reinstated.  All concur.