220 P.2d 681

MEWES et ux. v. JACOBSON et al.

No. 7616.

Supreme Court of Idaho.

July 10, 1950.

428

Chas. E. Horning, Wallace, Anderson & Thomas, Boise, for appellants.

Keane & McCann, Wallace, for respondents.

HOLDEN, Chief Justice.

March 19, 1949, Otto W. Mewes and Margaret E. Mewes, husband and wife, recovered judgment against Archie Jacobson for the total sum of $7,500 in the District Court of the First Judicial District of the State of Idaho in and for the County of Shoshone. August 3, 1949, an application was filed in said district court for an order requiring Allied Reciprocal Insurers to appear before the court to answer interrogatories concerning moneys alleged to be owing to defendant Jacobson from said Allied Reciprocal Insurers. The application was filed and proceedings had under our statute, Title 11, chap. 5, I.C., covering proceedings supplementary to execution. At the hearing Allied Reciprocal Insurers, by the president of its board of governors, Thomas J. Brennen, denied any liability of said Allied Reciprocal Insurers to Jacobson, and also denied Allied Reciprocal Insurers had any moneys or property belonging to defendant Jacobson.

September 2, 1949, at the conclusion of the hearing, the judge of said district court entered judgment for plaintiffs against Allied Reciprocal Insurers, as garnishee-defendant, for the sum of $7,500 with interest

at six per cent per annum from March 19, 1949, the date judgment was entered against Jacobson in the original action, and for costs. From the judgment against Allied Reciprocal Insurers the present appeal was taken.

The decisive question presented on this appeal is: Did the lower court have jurisdiction to enter judgment in said proceedings against Allied Reciprocal Insurers as garnishee-defendant?

 Appellant contends, and we think correctly, the district court was without jurisdiction to enter said judgment, in that the court below had no jurisdiction to try the question of indebtedness as between Allied Reciprocal Insurers and Jacobson and to render judgment against Allied Reciprocal Insurers. Lindenthal v. Burke, 2 Idaho 571, 21 P. 419; see also, Spaulding v. Coeur D'Alene Railway & Nav. Co., 6 Idaho 638, 59 P. 426.

Furthermore, a district court is without jurisdiction to render or enter such an order or judgment where, as in the case at bar, indebtedness is denied or disputed. Sec. 11-507, I.C.; Lindenthal v. Burke, supra; Spaulding v. Coeur D'Alene Ry., etc., Co., supra.

Where it is claimed a person has money or property of a judgment debtor, or, to be indebted to him, and such person denies the debt, or possession of money or property of the judgment debtor, the court may only authorize, by an order made to that effect, the judgment creditor to institute an action against any such person for the recovery of the debt. Sec. 11-507, supra; Lindenthal v. Burke, supra; Spaulding v. Coeur D'Alene Ry., etc., Co., supra.

The judgment appealed from is, therefore, reversed and the cause remanded for further proceedings in conformity with the views expressed in this opinion. Costs awarded to appellant.

GIVENS, PORTER, TAYLOR and KEETON, JJ., concur.