285 P.2d 483

Frank HUBBARD and James W. DAVIS, a
co-partnership, d/b/a Hubbard & Davis,
Plaintiffs-Respondents,

v.

Clyde MORSE, Justice of the Peace,
Defendant-Appellant.

No. 8159.

Supreme Court of Idaho.

June 22, 1955.

McNaughton & Sanderson, Coeur
d'Alene, Stephen Bistline, Sandpoint, for
appellant.

James E. Hunt, Raymond T. Greene, Jr., Sandpoint, for respondents.

PORTER, Justice.

Kershaw's Inc., a California Corporation, obtained a judgment against North Idaho Equipment, Inc., an Idaho Corporation, in the justice court of defendant, Clyde Morse, Justice of the Peace. Such judgment being unsatisfied, Kershaw's, Inc., in proceedings supplementary to execution, moved the justice court for an order directing respondents herein to appear before such court on the 21st day of January, 1954, to then and there answer concerning any money or property which they or either of them may have which is the property of the judgment debtor, the North Idaho Equipment, Inc.

The motion was based upon the affidavit of the attorney for Kershaw's Inc., to the effect that respondents had taken into their possession and claimed and asserted ownership of, accounts receivable of the North Idaho Equipment, Inc.; that the exact amount of such accounts receivable was unknown to the affiant; and that respondents had in their possession the books and records of the North Idaho Equipment, Inc. The Justice of the Peace issued the order as prayed for, and the same was served upon respondents. An answer was filed by respondents claiming ownership of any and all accounts receivable or property in their possession and denying that the North Idaho Equipment, Inc., had any interest whatsoever therein.

A hearing was held on January 21 in which both Kershaw's Inc., and respondents participated. It seems to be agreed that the court announced that the hearing was at an end, but the Justice of the Peace did

not then or thereafter make any formal order determining the merits of the matter. On January 26, the judgment creditor moved the justice court for an order for further proceedings in the matter and noticed such motion for hearing on March 3. On such day, the motion was duly presented to the court. At the conclusion of the hearing the justice court entered its order, the pertinent part of which is as follows:

"Therefore it is ordered that this matter shall proceed, and the taking of testimony shall resume on Wednesday, the 10th day of March, 1954, at 10:00 o'clock A.M., in this above-entitled Court.

"And it is fur*ht*er ORDERED that the defendants in supplementary proceedings, Frank Hubbard, and James Davis, appear at that time, and that they bring to Court all books and records, of the North Idaho Equipment Company, Inc., which have come into the possession of said defendants, and that they produce such evidence as they may have at that time which will substantiate their bare claim that they own all of the assets of the defendant corporation which have come into their possession or control, in order that this court may properly determine whether or not to forbid the disposition of those assets, and whether or not this Court will enter an order authorizing the plaintiff to bring an action against said defendants for the recovery of said property."

On March 8, 1954, the respondents commenced this action in the district court seeking a writ of prohibition commanding appellant to desist and refrain from proceeding further in said proceedings supplementary to execution. In their petition, respondents alleged that they claimed ownership of the accounts and property in question and denied possession of any properties belonging to the North Idaho Equipment, Inc.; that they are being harassed and put to unnecessary expense by the order of March 3; and that the order made by the Justice of the Peace on March 3 was without and in excess of his jurisdiction.

An alternative writ of prohibition was granted. Thereafter, trial was had and the trial court made and filed "Order and Judgment Granting Absolute Writ of Prohibition." The writ was duly issued prohibiting appellant from taking any further action in the proceedings supplementary to execution except to make an order authorizing the bringing of an action against respondents and in the meantime, restraining them from disposing of any of the property in question. From such judgment appellant has appealed to this court.

A writ of prohibition may be granted where the proceedings of a tribunal are without or in excess of its jurisdiction. Section 7–401, I.C. There is no contention herein that the Justice of the Peace did not

have jurisdiction of the parties and of the subject matter. The contention by respondents is that he exceeded his jurisdiction in making the order of March 3 providing for a further hearing in the cause. It appears to be the theory of respondents and the theory adopted by the trial court that when respondents claimed ownership of the property in question, then the Justice of the Peace was without authority to proceed further with the examination of respondents.

Section 16–1105, I.C., provides that the provisions for proceedings supplementary to execution in the district court are applicable to justices' courts. Sections 11–504, 11–505, 11–506 and 11–507, I.C., are the pertinent statutes in this case and read as follows:

"11–504. Examination of defendant's debtors.—After the issuing or return of an execution against property of the judgment debtor or of any one of several debtors in the same judgment, or upon proof by affidavit or otherwise, to the satisfaction of the judge, that any person or corporation has money or property of such judgment debtor, or is indebted to him in an amount exceeding fifty dollars, the judge may, by an order, require such person or corporation, or any officer or member thereof, to appear at a specified time and place before him, or a referee appointed by him, and answer concerning the same."

"11–505. Witnesses required to appear.—Witnesses may be required to appear and testify before the judge or referee, upon any proceeding under this chapter in the same manner as upon the trial of an issue."

"11–506. Application of judgment debtor's property to satisfaction of execution.—The judge or referee may order any money or property of a judgment debtor not exempt from execution, in the hands of such debtor or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment."

"11–507. Proceedings against defendant's debtor.—If it appears that a person or corporation, alleged to have money or property of the judgment debtor, or to be indebted to him, claims an interest in the money or property adverse to him, or denies the debt, the court or judge may authorize, by an order made to that effect, the judgment creditor to institute an action against such person or corporation for the recovery of such interest or debt; and the court or judge may, by order, forbid a transfer or other disposition of such interest or debt, until an action can be commenced and prosecuted to judgment. Such order may be modified or vacated by the judge granting the same, or the court in which the action is brought, at any time, upon such terms as may be just."

These sections contemplate and provide for a hearing and for the examination of witnesses. If upon such hearing it appears that the person or corporation cited into court has any money or property of or due to the judgment debtor, the court may order the same applied to the satisfaction of the judgment. If the cited person or corporation claims ownership of the property or denies any indebtedness, the judge may dismiss the proceedings or may authorize the judgment creditor to institute an action against such person or corporation for the recovery of the property or debt.

Where the cited person or corporation claims the property or denies the debt, it is a matter for the exercise of discretion by the court as to whether the proceedings shall be dismissed or whether the institution of a suit shall be authorized. The exercise of this discretion must be governed by evidence taken and received at the hearing. To say that when the cited person or corporation claims the property or denies the debt that no further examination into the matter can be made, would leave the court without a basis or foundation for its ultimate judgment.

In 3 Freeman on Executions, Third Edition, Supplemental Proceedings, par. 415, page 2215, the matter is discussed as follows:

"In other states, however, where the person summoned does not concede his liability, a supplementary proceeding, in so far as it is directed against a third person, amounts only to an inquiry for the purpose of determining whether there is such probability that the person summoned owes the judgment debtor, or has the possession of personal property of the latter, that the creditor ought to be allowed to maintain an action for the purpose of determining this question. Necessarily, the person summoned and the witnesses subpoenaed may be required to answer to the extent of enabling the judge to intelligently exercise the discretion with which he is invested in making an order, either that the proceeding be dismissed, or that the judgment creditor be allowed to commence an action to recover the debt or property which he claims to be subject to execution against the defendant."

See generally, First Nat. Bank of City of New York v. Gow, 139 App.Div. 576, 124 N.Y.S. 449; In re De Ponce De Leon, 63 App.Div. 41, 71 N.Y.S. 380; 21 Am.Jur., Executions, par. 671, page 319; 33 C.J.S., Executions, § 362, pages 666–667.

As supporting their contention, respondents cite Lindenthal v. Burke, 2 Idaho, Hasb., 571, 21 P. 419; Spaulding v. Coeur D'Alene Ry., etc., Co., 6 Idaho 638, 59 P. 426; Gordon v. Lemp, 7 Idaho 677, 65 P. 444; and Mewes v. Jacobson, 70 Idaho 427, 220 P.2d 681. These cases do not hold that third parties can avoid examination by making claim to the property

in question. They hold that the court can enter no final judgment awarding the property to the judgment creditor but is limited to making an order for the commencement and prosecution of suit as provided by the statute. In Lindenthal v. Burke, supra, the holding indicates to the contrary of respondents' contention, the court saying, 2 Idaho, Hasb., 573, 21 P. 419:

> "Unquestionably the court had the power to direct the defendant Burke to submit to an examination in respect to the indebtedness, but had no power or authority conferred upon him by statute in that manner to direct the entry of judgment against the defendant Burke, without allowing to said defendant a hearing upon issues duly raised. [West Side] Bank v. Pugsley, 47 N.Y. 368. Section 4510 of the Revised Statutes [section 11–507, I.C.] provides a clear and distinct manner of proceeding in such cases. The court or judge might authorize the plaintiff, by order, if it seemed to him proper, *upon the testimony*, to commence an action against the defendant Burke, and in the meantime could have restrained the defendant from transferring or in any manner disposing of the interest of defendant until the action so ordered should be disposed of." (Emphasis supplied.)

Likewise in Spaulding v. Coeur D'Alene Ry., etc., Co., supra, the court said, 6 Idaho 646, 59 P. 428:

> "Under the provisions of said section 4510 [section 11–507, I.C.], *upon certain facts being shown*, the judge may authorize the judgment creditor to institute an action, and may forbid the transfer or other disposition of the property or debt involved. That is the extent of the judge's jurisdiction. He cannot proceed, and determine the conflicting claims, as was done in this proceeding. A proper suit must be brought for that purpose." (Emphasis supplied.)

Respondents cite Lewis v. Chamberlain, 108 Cal. 525, 41 P. 413, which seemingly tends to support their contention. In such case the cited third parties claimed the property; and the question for decision was whether any order could have been legally made by the trial court against the third parties other than one authorizing the judgment creditor to bring action against them. The matter of limiting examination was incidental and was not directly passed upon by the court.

It was within the discretion of the Justice of the Peace to continue the examination to the extent necessary to enable him to determine the proper order to be made. The exercise of his discretion could not be directed or interfered with by a writ of prohibition. In making the order of March 3 providing for a further hearing, appellant was not acting without or in excess of his jurisdiction. The judg-

ment of the trial court granting a writ of prohibition is reversed and the cause remanded with directions to vacate the judgment, quash the writ of prohibition and dismiss the action. Costs to appellant.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.