## OLIVER CROSBY *vs.* DANIEL CHASE.

Nothing but payment in fact of the debt, or the release of the mortgagee, will discharge a mortgage.

One party is not estopped by the recitals in a deed taken by him from giving the truth in evidence to sustain it, if the other party goes behind the deed to defeat it.

Thus, where the mortgagee received from the mortgagor a deed of the same premises, wherein it was said, that the deed was made to cancel the mortgage, and the land was taken by an attachment made before the deed and consummated by a levy afterwards, *it was held,* that the mortgage, which with the notes had remained in the possession of the mortgagee by parol agreement at the time with the mortgagor to await the attachment, was not discharged by taking the deed.

THE action was a writ of entry, and was referred by rule of Court in the usual form. At the hearing before the referees, it appeared, that the title to the premises prior to *May* 23, 1831, was in the demandant; that on that day, he conveyed the same to one *Cyrus Chase,* for the consideration of $400, to secure which sum, he gave the demandant four notes of $100 each, payable in one, two, three and four years, and a mortgage of the same premises, recorded *May* 31, 1831; that on *July* 21, 1835, *Cyrus Chase* gave a deed of the demanded premises to *Crosby,* recorded *July* 28, 1835, having the following words after the description. " And the same which said *Crosby* conveyed to me by deed, dated *May* 23, 1831, and of which I the same day gave him a mortgage deed for the surety of the payment of the purchase sum, and this deed is intended to cancel said mortgage, and the notes given for the purchase sum." It was then agreed, that the notes should remain in the possession of *Crosby* " until it should be seen what steps should be taken by the tenant," and the notes and mortgage remained in the possession of *Crosby* until the hearing before the referees. At the time the deed was given in *July,* 1835, a paper not under seal was made and delivered to *Cyrus Chase* of the following tenor. " *July* 21, 1835. *Cyrus Chase* has this day paid me his four notes for $100, all dated *May* 31, 1831. *Oliver Crosby.*" There was nothing in fact paid by *Cyrus Chase* to *Crosby,* unless by the deed of the land. On the part of the tenant it was proved, that on *July* 2d, 1835, he attached the same land in a suit in his favor

against *Cyrus Chase,* recovered judgment, and within thirty days therefrom duly levied the execution upon the demanded premises, and recorded his levy within three months.

The referees awarded, that *Crosby* should recover against the tenant, *Daniel Chase,* possession of the demanded premises, unless *Cyrus Chase,* or those claiming under him, should within two months after rendition of final judgment in the action, pay *Crosby* the amount due on said mortgage, with costs, unless the Court upon the facts should be of opinion, that he is not entitled to recover; and in such case the demandant was to be nonsuit, and the tenant have costs.

*Rogers,* for the tenant, said, this was the common case of two creditors attempting to obtain their debts in different ways, one by deed and the other by attachment. The first in ·point of time should prevail. Here the debt was discharged, and that is a discharge of the mortgage. If the demandant did not obtain what he expected, a good title to the land, it was his misfortune to have pursued a wrong course, and he cannot disturb the tenant in rights legally acquired. 1 *Cowen,* 122; 2 *Cowen,* 196; 18 *Johns. R.* 114, 488; 2 *Har. & M'Hen.* 7; 3 *Har. & M'Hen.* 399; 1 *Hals.* 471; 2 *Greenl.* 333.

*J. Appleton,* for the demandant, contended, that the report of the referees was conclusive in favor of the demandant. Wherever the opinion of the referees appears, it is final. *Jurist,* No. 41, *p.* 146, citing *Barton* v. *Ranson,* 3 *M. & W.* 332. The decision of the referees in favor of the demandant was according to law. Nothing was in fact paid, as the title to the property failed in consequence of the acts of the tenant. A receipt is always open to explanation. 3 *Stark. Ev.* 1044, 1272; 11 *Mass. R.* 27; 9 *Johns. R.* 310. The mortgage and notes were not intended by the parties to be cancelled, unless the demandant acquired a perfect title. This is like a payment in counterfeit coin. There must be a real, substantial payment of the debt to discharge the mortgage. 2 *N. H. Rep.* 525; 9 *Mass. R.* 242; 16 *Pick.* 22; 7 *Vermont R.* 493; 6 *Conn. R.* 374; 5 *Peters,* 481; 8 *Pick.* 522; 5 *N. H. Rep.* 252; 1 *N. H. Rep.* 267. Here was no merger of the mortgage by taking the deed. A mortgage will be

upheld or considered cancelled, according to the interest of the holder. 3 *Greenl.* 260; 7 *Greenl.* 102; *ib.* 377; 2 *Shepl.* 9; 1 *Paige*, 292; 2 *Cowen*, 247.

The opinion of the Court was prepared by

WESTON C. J. — Whatever the parties may have intended, it is manifest that the interest of the mortgagor, with which payment was made in point of form, had previously been taken from him by an attachment, which being consummated, relates back to a day anterior to the deed from the mortagagor to the demandant. If nothing but payment in fact, or the release of the mortgagee, will discharge a mortgage, which is a principle, not only equitable in itself, but sustained by the authorities, cited for the demandant, his lien upon the land created by the mortgage, remains in force. Indeed, the mortgage and the notes were retained by him, with the assent of the mortgagor, avowedly to meet the movements of the tenant.  The certificate by the demandant, that payment had been made, may operate as a receipt, which is open to explanation. It is certainly not a paper of a higher character.  The recital in the deed, that it was intended to cancel the mortgage and the notes, being accepted by the demandants, may conclude him from denying that fact.  He does not now deny it; but avers truly, that what was intended has failed, by reason of the prior attachment of the tenant.  The supposed payment has become unavailable.  He has not been permitted to realize the consideration, which he was to accept, instead of payment of the notes in money.

The tenant throws himself upon his legal rights, and insists, that although the demandant may be disappointed in the result he expected, his mode of doing the business has given the tenant an advantage, which he may lawfully enforce.  We think this position, taken to defeat the interest of the demandant, may be satisfactorily answered.  The tenant, in virtue of his prior attachment, goes behind the deed, given by the mortgagor to the demandant, and avoids it.  He is remitted to the state of the title, at the time of the attachment.  He cannot be permitted to defeat the deed for one purpose, and to set it up for another.  If the demandant is embarrassed by any estoppel, supposed to result from his accept-

ance of the deed, he is relieved, by the course taken by the tenant, who in the exercise of his legal rights, so far as the deed operates upon him, rides over and defeats it.

The levy, however, made by the tenant, transferred to him the right to redeem, existing in the mortgagor, at the time of the attachment. *White* v. *Bond,* 16 *Mass. R.* 400. And we are of opinion, that the award in favor of the demandant, is sustained by the law of the case.

*Exceptions overruled.*