Points Decided.

---

(August 1, 1925.)

## G. F. WALKER, as Trustee of the Estate of ELBERT KUYKENDALL, Bankrupt, Appellant, v. FARMERS BANK OF KENDRICK, a Corporation, Respondent.

### [238 Pac. 968.]

CHATTEL MORTGAGE—MANNER OF DISCHARGE—EFFECT OF FAILURE TO FOLLOW STATUTORY PROCEDURE — RENEWAL OF MORTGAGE DEBT— FAILURE TO RECORD RENEWAL MORTGAGE—EFFECT.

1. C. S., secs. 6366, 6367, prescribe how the lien of a chattel mortgage may be discharged. The execution and delivery of a renewal note and mortgage upon the same property, accompanied by the return to the mortgagor of the original note and a duplicate of the original mortgage marked "paid," the original mortgage not being otherwise satisfied or released of record in compliance with the statute, does not discharge the lien of the original mortgage.

2. The renewal of the evidence of a debt does not, in the absence of an agreement between the parties, constitute in law a payment of the debt.

3. Where mortgage indebtedness is extended by the giving of a renewal note and mortgage and the surrender of the original note, the debt and the lien are the substance of the transaction, the notes and mortgages being in themselves merely evidence of the agreement between the parties.

4. A renewal chattel mortgage upon the same property as the original mortgage, but which is not filed for record, is void as to creditors of the mortgagor.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Action for conversion of chattels by mortgagee. Judgment for defendant. *Affirmed.*

---

Publisher's Note.

4. Effect of failure to record chattel mortgage, see note in 137 Am. St. 471.

Who is creditor entitled to attack chattel mortgage on ground of failure to file or renew, see notes in Ann. Cas. 1912B, 1106; Ann. Cas. 1917D, 1162.

Warren Truitt and C. J. Orland, for Appellant.

There never was any question, even prior to the adoption of the Uniform Negotiable Instruments Act, but that the giving of a new promissory note in lieu of an existing one was a payment of such note if such was the intention of the parties. By this act it is provided what shall discharge such instruments. (C. S., sec. 7986.)

When a promissory note is given in the place of one already existing, the old note is marked "paid"—in other words, "canceled"—by the holder, and then by the holder delivered and surrendered to the maker, it is a payment of the old note, and not a renewal, and there is no further liability of the maker upon the old note. (*Fidelity State Bank v. Miller*, 29 Ida. 778, 162 Pac. 244; *Childs v. Pellett*, 102 Mich. 558, 61 N. W. 55; *Christofferson v. Howe*, 57 Minn. 67, 58 N. W. 830; *French v. French*, 84 Iowa, 655, 68 N. W. 1100, 15 L. R. A. 300, 309; *Larkin v. Hardenbrook*, 90 N. Y. 333, 334, 43 Am. Rep. 176.)

A. H. Oversmith, for Respondent.

A prior note is not canceled or released by the giving of a new note and mortgage for the indebtedness unless there is an agreement between the parties to that effect. (*Willows v. Rosenstein*, 5 Ida. 305, 48 Pac. 1067; *Vollmer v. Reid's Estate*, 10 Ida. 196, 77 Pac. 325; *Philadelphia & Reading Coal & Iron Co. v. Willinger*, 137 Md. 46, 111 Atl. 132, 12 A. L. R. 1542; *White v. Stevenson*, 144 Cal. 104, 77 Pac. 828; *Swift v. Kraemer*, 13 Cal. 526, 73 Am. Dec. 603; *State v. Lone Wolf*, 63 Okl. 166, 163 Pac. 532; 3 Randolph on Commercial Paper, par. 1571; 2 Daniels on Negotiable Instruments, pars. 1272–1275; *Griffin v. Long*, 96 Ark. 268, 131 S. W. 672, 35 L. R. A., N. S., 855; *Montgomery Bank & Trust Co. v. Jackson*, 190 Ala. 411, 67 So. 235; *Peden v. Birkle*, 27 Colo. App. 323, 148 Pac. 913; *Corydon Deposit Bank v. McClure*, 33 Ky. L. 679, 110 S. W. 856, 121 S. W. 446; *Kelley v. York*, 183 Ind. 628, 109 N. E. 772; *Reynolds v. Schade*, 131 Mo. App. 1, 109 S. W. 629; *Claridge v. Evans*,

137 Wis. 218, 118 N. W. 198, 25 L. R. A., N. S., 144; *Western Loan & Savings Bank v. Kendrick State Bank*, 13 Ida. 331, 90 Pac. 112.)

The taking of a new note and mortgage does not release prior indebtedness even where additional security is taken and different rate of interest and attorney's fees are provided in the new note. (*Vollmer v. Reid's Estate*, 10 Ida. 196, 77 Pac. 325.)

McNAUGHTON, District Judge.—Elbert Kuykendall was indebted to respondent bank in the sum of $2,800 on February 19, 1920, and on that date made and delivered to the bank his promissory note for said sum and a chattel mortgage to secure the same was executed in due form by him and his wife to the bank covering personal property, the subject of this action. This mortgage was duly filed for record in the county in which the property was situated and in which Kuykendall lived. The due date of the note and mortgage was October 1, 1920. On October 28, 1920, there was unpaid upon the principal and interest of said note and mortgage the sum of $1,761.25.

On October 29, 1920, the bank also held Kuykendall's note given to the Craig Store for $415, and on that date a new note for $2,176.25, in place of the other two, was made and delivered to the bank by Kuykendall and his wife, and a new mortgage, covering the same property that was covered by the former mortgage, was duly executed, acknowledged and delivered to the bank as security for the payment of the new note. Thereupon the original note and duplicate copy of the original mortgage were marked paid by the bank and delivered to Kuykendall; but the subsequent mortgage was not placed on file for record in the recorder's office at that time nor at all. No further payments were made upon said indebtedness.

On March 15, 1921, Kuykendall filed his petition in bankruptcy and was duly adjudged a bankrupt. On April 4, 1921, his creditors elected George F. Walker, the plaintiff herein, trustee of the estate. On or about March 31, 1921,

the bank received and took possession of said property described in each of said mortgages and sold the same for $900, applying the proceeds on said indebtedness. This action was brought by the trustee against the bank for conversion.

The only question in the case is whether or not the bank had a chattel mortgage lien on this property, valid against the creditors at the time it took possession of and sold the same. It is the contention of the appellant that the first mortgage was discharged by payment and that the subsequent mortgage, never having been filed for record, was void as against the creditors.

The court found that the indebtedness which was secured by the prior mortgage had not been paid except $623.75 of the principal and the interest up to October 29, 1920; that said chattel mortgage and the debt secured by the same had not been released by operation of law or by any act or intent on the part of the respondent, and was in full force and effect at the time the said Kuykendall was adjudged a bankrupt and at the time the appellant was appointed trustee of the estate.

Appellant contends that the evidence conclusively shows payment of the original note and mortgage. He relies mainly upon the case of *Fidelity State Bank v. Miller,* 29 Ida. 778, 162 Pac. 244. We do not think that case in point, for the decision in the Miller case is upon the theory that it was expressly agreed between the bank and Miller that the old note and mortgage should not be renewed by the execution of the new note and mortgage, but that the old note should be paid and the mortgage satisfied, and the new paper should be taken as evidencing a new and original obligation. By the decision in that case the supreme court meant simply to enforce this express agreement between the parties.

In this case the witness McConnell, who was the cashier of the bank and handled the transaction, testified that the note and mortgage of October 29th was a renewal of the old note and mortgage, taken temporarily and until additional security in the nature of a crop mortgage could be

executed.   It is undisputed, however, that upon the note and mortgage of October 29th being executed and delivered, the old note and a copy of the mortgage was marked paid by the bank and given to Kuykendall; but the original mortgage was not otherwise satisfied or released of record.

Of course the note and mortgage is only evidence of an agreement between the parties giving rise to a contractual relation.   The note evidences an obligation to pay a certain amount at a given time, and the mortgage evidences a lien fixed upon property securing that amount.   Ordinarily renewal paper is not treated as evidence of an original transaction between parties by the court or by the parties themselves, but merely as evidence of the continuing relation between the parties, usually extending the time of payment. The debt and lien is the substance of the matter, not the notes and mortgages, and its satisfaction and release is what the court is concerned about.

The statute law of this state provides definitely how the lien of a mortgage, either real or chattel, may be discharged. (C. S., secs. 6366, 6367.)   The Idaho court in an early case construed these sections as applied to a real estate mortgage, but the sections as amended refer to both real and chattel mortgages, and the court's ruling as to what discharged the lien is applicable in this case.   In the opinion of the case the court said:

"The lien of a mortgage upon real estate may be discharged in three ways: 1. By an entry in the margin of the record thereof, signed by the mortgagee, acknowledging the satisfaction of the mortgage, etc.   (Rev. Stats., sec. 3361) 2. Or it may be discharged upon the record by the officer having custody thereof, on the presentation to him of a certificate signed by the mortgagee, or his personal representative or assignee, duly acknowledged, etc.   (Rev. Stats., sec. 3362.)   3. By decree of a competent court.   The mortgage in controversy in this case has not been discharged in either of these ways, and the lien of the mortgage remains upon the land.   Nor is the debt extinguished."   (*Kelly v. Leachman,* 3 Ida. 629, 33 Pac. 44.)

The great weight of authority is that the renewal of the evidence of a debt does not, in the absence of an agreement between the parties, constitute in law payment of the old debt. The Kansas court in a case almost identical with this held that the new note and mortgage did not discharge an earlier debt or operate to satisfy an earlier mortgage upon identical property, and in the opinion of the case says:

"We do not think the taking of a second mortgage to secure the same debt secured by a first mortgage, upon a renewal of the note secured by the first mortgage, and upon the same property, operates as a satisfaction and release in law of the first mortgage. 'The taking of a new note and mortgage on personal property to secure an indebtedness already evidenced by a note, and secured by a mortgage on the same property, does not, even when the first note and mortgage are canceled, operate to discharge the lien of such first mortgage: *Packard v. Kingman,* 11 Iowa, 219. 'Nothing but payment in fact of the debt, or the release of the mortgage, will discharge a mortgage: *Crosby v. Chase,* 17 Me. 369; *Hadlock v. Bulfinch,* 31 Me. 246. In *Gregory v. Thomas,* 20 Wend. 19, the court says: 'But it is said that the defendant's second mortgage extinguished the first; and consequently, being put to stand exclusively on the last, which was in 1835, the plaintiff's mortgage of the previous September is let in. The argument is against all the books, ancient and modern. Adjudications of several centuries upon such cases, of every variety of form, in England, in this state, and in neighboring states, settle the proposition that a subsequent security for a debt of equal degree with a former, for the same debt, will not, by operation of law, extinguish it.'" (*Howard v. First Nat. Bank of Hutchinson,* 44 Kan. 549, 24 Pac. 983.)

The lower court found in effect that the debt secured by the first mortgage had not been paid and that the lien attaching by virtue of the chattel mortgage which was filed had not been satisfied and that the lien of the mortgage, at the time Kuykendall was adjudged a bankrupt and the receiver was appointed, and when possession of the property ·

was taken by the bank, was still upon this property and that the bank rightfully took possession of the property and sold it for satisfaction of the original indebtedness which had not been paid, to wit, the sum of $1,761.25, applying the proceeds of the sale upon that part of the indebtedness. Of course the new mortgage, not having been filed, was void as to creditors and did not bind the property for the new indebtedness, or at all as to the trustee, but it did not pay or release the lien for the original indebtedness.

We think the evidence in this record and the great weight of authority sustain the findings and conclusions of the trial court and that the judgment should therefore be affirmed, with costs to the respondent, and it is so ordered.

William A. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.

Wm. E. Lee, J., being disqualified, took no part.