JOHN H. SMITH, Receiver of the WEISER NATIONAL BANK, a Corporation, Respondent, v. WILLIAM H. THOMAS and IDA M. THOMAS, Appellants.

[245 Pac. 399.]

MORTGAGES—CHATTEL MORTGAGES—MORTGAGEE'S RIGHT OF OPTION TO APPLY PAYMENTS ON CHATTEL AND REAL ESTATE MORTGAGES FROM SAME PARTIES—FUTURE ADVANCES ON MORTGAGED SECURITY—CERTAINTY OF MORTGAGE DESCRIPTION AS TO FUTURE ADVANCES—EVIDENCE—CHANGE IN FORM OF EVIDENCE OF INDEBTEDNESS—EFFECT—EFFECT OF RENEWAL OF EVIDENCE OF DEBT ON MORTGAGE LIEN—EFFECT OF TAKING ADDITIONAL SECURITY ON MORTGAGE LIEN—FRAUD — MORTGAGOR'S IGNORANCE OF CONTENTS OF MORTGAGE — EFFECT.

1. Where mortgagors, who had given real estate mortgage and at the same time executed chattel mortgage to secure note and future advances, made no request at time of making payments that payments should be applied on original indebtedness, mortgagee had right to apply such payments as it saw fit.

2. Where chattel mortgage was executed at same time as real estate mortgage, as security for note and express security for future advances, application on advances of proceeds of property covered by chattel mortgage paid to mortgagee was properly made.

3. When advances for which chattel mortgage was given as security were made by mortgagee and accepted by mortgagors, the amount became to that extent certain, as between parties, as against contention that mortgage did not describe advances with sufficient certainty in respect to nature and amount.

4. Where, at time of giving real estate mortgage, chattel mortgage was executed to secure note and future advances, payments later being made from proceeds of property covered by chattel mortgage, bringing suit on original debt *held* sufficient evidence of application of payments to other indebtedness warranting court in finding that amount now owing was on original indebtedness.

5. Lien of mortgage secures indebtedness rather than evidence of indebtedness, and no change in form of evidence or mode or time of payment in itself operates to discharge mortgage.

6. In absence of agreement between parties, neither renewal nor substitution of evidence of debt will impair lien of mortgage or constitute payment so long as debt secured remains unpaid.

7. Taking of additional security does not in itself discharge lien of previous mortgage.

8. In absence of evidence that parties to mortgage had agreed that new notes were given in payment of previous indebtedness, trial court properly found that later notes were given in renewal and not in payment of original indebtedness.

9. Fraud is never presumed, but must be established by clear and convincing evidence, especially where integrity of written instrument is assailed.

10. Mortgagor's ignorance of contents of mortgage, even if proved, *held* insufficient to sustain defense of fraud in procuring mortgage, where signatures to instrument were not denied and its execution was duly proved.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. 'Hon. B. S. Varian, Judge.

'Action to foreclose a real estate mortgage. Judgment for plaintiff. *Affirmed.*

Lot L. Feltham, for Appellants.

"A direction of the debtor as to the application of payments may be shown by an express agreement between the debtor and creditor; or it may be implied from circumstances showing the debtor's intention. Where a debtor directs the manner, the creditor, if he accepts the payment, must apply it accordingly." (30 Cyc. 1237, and note 8; *Perot v. Cooper*, 17 Colo. 80, 31 Am. St. 258, 28 Pac. 391.)

Publisher's Note.

1. See 21 R. C. L. 90.

5. See 19 R. C. L. 450.

9. See 12 R. C. L. 424.

See Chattel Mortgages, 11 C. J., sec. 104, p. 474, n. 11; sec. 106, p. 474, n. 26.

Evidence, 22 C. J., sec. 82, p. 147, n. 53; 23 C. J., sec. 1748, p. 16, n. 86.

Fraud, 27 C. J., sec. 170, p. 44, n. 57; p. 45, n. 58; sec. 199, p. 63, n. 89.

Mortgages, 27 Cyc., p. 1132, n. 47; p. 1398, n. 74; p. 1410, n. 74, 77; p. 1411, n. 78; p. 1413, n. 98.

Payment, 30 Cyc., p. 1233, n. 73; p. 1290, n. 65.

When the money is derived from a particular source or fund, the court will apply it to the relief thereof, in the absence of a contrary agreement between the parties. For instance, a payment made from the proceeds of mortgaged property must be applied in payment of the mortgage debt, except where to do so would be inequitable. (*Powell v. State*, 84 Ala. 444, 4 So. 719; *Strickland v. Hardie*, 82 Ala. 412, 3 So. 40; 39 Cent. Digest, Payment, sec. 118; *Heaton v. Ainsyel*, 108 Iowa, 112, 78 N. W. 798.)

"In the absence of the consent of the mortgage debtor and his surety to other application, proceeds of mortgaged chattels should be applied to the extent of the debt." (*First Nat. Bank v. Ballard*, 41 Okl. 553, 139 Pac. 293.)

"The intention of the parties to consider a note as payment may be determined by circumstances, such as the acts and conduct of the parties as well as by direct proof of an express promise and agreement." (*Riverside Iron Works v. Hall*, 64 Mich. 165, 31 N. W. 152; *Topeka Capital Co. v. Merriam*, 60 Kan. 397, 56 Pac. 757; *Hall v. Stevens*, 116 N. Y. 201, 22 N. E. 374, 5 L. R. A. 802.)

Ed. R. Coulter and Scatterday & Stone, for Respondent.

The taking of a note in law is deemed a renewal of prior obligation, unless at the time the note is taken it is expressly agreed between the parties that it is not taken in renewal but is taken in payment of prior indebtedness. (Jones on Chattel Mortgages, secs. 643, 644; *Wilson v. Pickering*, 28 Mont. 435, 72 Pac. 821; *Bonestell v. Bowie*, 128 Cal. 511, 61 Pac. 78; *White v. Stevenson*, 144 Cal. 104, 77 Pac. 828; *Crisman v. Lanterman*, 149 Cal. 647, 17 Am. St. 167, 87 Pac. 89.)

A renewal note has the benefit of any security for the payment of the original, and the holder may enforce it whether the renewal be for the whole or for a part of the original indebtedness, in the absence of any agreement to the contrary. (*Dayton Nat. Bank v. Merchants Nat. Bank*, 37 Ohio St. 217; *Commercial Bank v. Davy*, 81 Hun, 200, 30 N. Y. Supp. 718; *Hawkins, Receiver, v. Fourth Nat. Bank*, 150 Ind. 117, 49 N. E. 957; *Savings & Loan Soc. v. Burnett*,

106 Cal. 514, 39 Pac. 922; Daniel on Negotiable Instruments, sec. 1266; Jones on Mortgages, 7th ed., secs. 355, 357, 934; *Gribbin v. Clement,* 41 Iowa, 144, 133 Am. St. 157, 119 N. W. 596; *Willows v. Rosenstien,* 5 Ida. 305, 48 Pac. 1067; *Moulton v. Williams,* 6 Ida. 425, 55 Pac. 1019; *Vollmer v. Estate of Reid,* 10 Ida. 196, 77 Pac. 325.)

Respondent was within its rights in applying payments made from time to time in liquidation of advances made under chattel mortgage before any of said money was applied in payment of the original note for $2,700. (Jones on Mortgages, 7th ed., sec. 906; Jones on Chattel Mortgages, sec. 909B; *Borel v. Kappeler,* 79 Cal. 342, 21 Pac. 841; *Bankers' Trust Co. v. Gillespie,* 181 Fed. 448, 104 C. C. A. 196; *Bufford v. Wilkinson & Bolton Co.,* 7 Ga. App. 443, 67 S. E. 114.)

BRINCK, Commissoner.—Plaintiff sues to foreclose a real estate mortgage executed to it by defendants on September 21, 1918, given to secure a note for $2,700, upon which plaintiff alleges the sum of $2,365.95 is unpaid. From decree of foreclosure as prayed by plaintiff, the defendants appeal.

It is contended by appellants that the evidence shows the note in question to have been fully paid, claiming that certain payments made by them should have been applied upon the indebtedness represented by the note in question; and also urging that notes later given by them to plaintiff for this and other indebtedness were given in payment, and not in renewal of the original note; they also contend that the mortgage was procured by fraud.

When the note and mortgage here involved were given, defendants also executed to plaintiff a chattel mortgage upon certain personal property to secure this note as well as future advances. On October 31, 1919, defendants owed plaintiff a total of $4,100, being the principal and interest due on the note for $2,700, together with advances which in the meantime had been made to defendants; and for this sum a new note was then given, the old note being surren-

dered.  On December 19, 1919, the sum of $1,300, proceeds of the sale of certain of the property covered by the chattel mortgage, was paid to plaintiff, which on December 24, 1919, took from defendants a new note for $3,000.  A new chattel mortgage on personal property was at the same time taken to secure the note for $3,000, and the note for $4,100 was marked paid and was returned to defendants.  On September 30, 1920, the amount of the note for $3,000, together with the interest and some advances that had been made since its date, were embodied in a new note for $3,285; and again on December 6, 1920, the principal and interest then owing was included in a new note for $3,377; and on April 28, 1921, this note in turn, together with interest and advances which had been made since its date, were embodied in a new note for $3,850.  On the last-mentioned date a new chattel mortgage was given to secure the note for $3,850, and the notes for $3,377 and $3,285 were canceled and returned to defendants.  Thereafter the personal property covered by the last chattel mortgage was sold and paid upon the indebtedness to plaintiff, reducing the amount owing to that claimed by the plaintiff in this action.

[1, 2]  As to appellants' first contention that the proceeds of the sale of the personal property were improperly applied to the payment of the later advances, the trial court found on conflicting evidence that defendants had made no demand or request that any such payment should be applied to the original indebtedness; therefore the plaintiff had the right to apply such payments as it saw fit.  (30 Cyc. 1233.)  They were in fact applied by the plaintiff to the payment of advances made after the giving of the note for $2,700.  Defendants contend that the payment of $1,300 in 1919 was the proceeds of property covered by the chattel mortgage, which was given to secure the note for $2,700, and should have been applied upon that note; but that chattel mortgage, as were those later executed, was expressly given as security for future advances, and the application of payment was properly made to the advances.

[3]  Appellants contend, however, that the chattel mortgage did not describe the advances to be made with suffi-

cient certainty in respect to their nature and amount. Whatever contention, if any, might be made in this respect by a third person can be of no consequence between the parties. When the advances were made by plaintiff and accepted by defendants, the amount became to that extent certain, by their own act. [4] There is perhaps no showing in the record as to when the applications of payment were actually made; but the bringing of suit upon the original debt is no doubt a sufficient evidence of application of the payments to the other indebtedness. (*Haynes v. Waite,* 14 Cal. 446; *Starrett v. Barber,* 20 Me. 457; *Bobe's Heirs v. Stickney,* 36 Ala. 482; *State v. Blakemore,* 275 Mo. 695, 205 S. W. 626.) The court properly found that the amount now owing was upon the original indebtedness.

[5] Appellants further contend that the new notes were each given in payment of the previous indebtedness. There is no evidence that such was the agreement of the parties. On the other hand, plaintiff's officers testified that the new notes were always taken solely as renewal notes. Of course the lien of a mortgage secures indebtedness rather than the evidence of indebtedness, and no change in the form of the evidence, or in the mode or time of payment, in itself operates to discharge the mortgage. [6] So long as the debt secured remains unpaid, neither the renewal nor substitution of evidence of the debt will impair the lien of the mortgage, or constitute a payment of the debt, in the absence of an agreement between the parties. (*Walker v. Farmers Bank of Kendrick,* 41 Ida. 279, 238 Pac. 968; 19 R. C. L. 450, sec. 234.) [7] Nor does the taking of additional security in itself discharge the lien of the previous mortgage. (*Willows v. Rosenstien,* 5 Ida. 305, 310, 48 Pac. 1067; 2 Jones, Mortgages, sec. 929.) [8] The court properly found that the later notes were given in renewal and not in payment of the original indebtedness.

[9] There is no evidence whatsoever to sustain the allegation of fraud in the procurement of the mortgage. The defendants each testified that they did not know they were signing a real estate mortgage, and never intended to sign one. They did not deny their signatures to the instrument,

and its execution is duly proved, not only by the certificate of the notary who took the acknowledgment, but also by his testimony and that of the officers of the bank who handled the transaction. Fraud is never presumed, but must be established by clear and convincing evidence, and this is especially true where the party assails the integrity of a written instrument. (*Nelson v. Hudgel,* 23 Ida. 327, 130 Pac. 85.) **[10]** No misrepresentation or deceit is charged; and defendants' ignorance of the contents of the instrument, even if proved, is insufficient to sustain the defense of fraud. (*Constantine v. McDonald,* 25 Ida. 342, 137 Pac. 531.)

The judgment of the trial court should be affirmed, with costs to respondent.

PER CURIAM.—The foregoing is hereby adopted as the opinion of the court, and the judgment of the trial court is affirmed, with costs awarded to respondent.

William A. Lee, C. J., and Wm. E. Lee, Budge and Givens, JJ., concur.