(No. 4511.    April 11, 1927.)

INTERNATIONAL MORTGAGE BANK, a Corporation, Respondent, v. JOHN T. WHITAKER and FLORENCE B. WHITAKER, His Wife, E. G. FRANK and HELEN FRANK, His Wife, SANDY WALSH, and E. R. PAUL, Defendants, and BOISE–PAYETTE LUMBER COMPANY, a Corporation, Defendant and Appellant.

[255 Pac. 903.]

MORTGAGES—MATERIALMAN'S LIENS—PRIORITY—RENEWAL MORTGAGES— MORTGAGE FORECLOSURE — EVIDENCE — RECORDATION OF PROSPECTIVE MORTGAGES — CUSTOM — MORTGAGEE'S LACK OF KNOWLEDGE OF IMPROVEMENTS—ACQUIESCENCE.

    1. Lien of mortgage, which was of record at time material for buildings constructed on property was furinshed, is prior to

materialman's liens therefor, unless extinguished or released by acts of parties.

2. Under C. S., secs. 6366, 6367, relative to methods of discharging mortgage lien on real estate, execution of new mortgages, with understanding that original mortgage would be discharged if abstract of title showed new mortgages to be first and prior liens on property, *held* not to amount to renewal and discharge of original mortgage as bearing on priority of lien for materials furnished before execution of new mortgages.

3. In action to foreclose mortgage wherein defendant claimed that mortgage had been discharged by new mortgages executed thereafter, evidence of plaintiff's custom to record prospective mortgages in order that they would show on abstract of title before closing loan *held* admissible solely as bearing on plaintiff's intention in causing them to be recorded.

4. Where materialman at all times had knowledge of mortgage on premises for which material was furnished, and mortgagee did not know of improvements being constructed on premises until nearly completed, mortgagee could not be held to have acquiesced in making of improvements and accepted the benefits thereof, as bearing on priority of materialman's liens.

APPEAL from the District Court of the Eleventh Judicial District, for Cassia County. Hon. T. Bailey Lee, Judge.

Action to foreclose mortgage. Judgment for plaintiff. *Affirmed.*

James R. Bothwell, W. Orr Chapman and T. M. Morris, for Appellant.

The custom of respondent as to recording is repugnant to statute and cannot be recognized. (C. S., secs. 5423,

Publisher's Note.

1. See 18 R. C. L. 956.

See Estoppel, 21 C. J., sec. 208, p. 1207, n. 40, p. 1208, n. 41, 42, 43, 49.

Mechanics' Liens, 40 C. J., sec. 372, p. 293, n. 53; sec. 374, p. 294, n. 61.

Mortgages, 41 C. J., sec. 538, p. 579, n. 40 New; sec. 546, p. 582, n. 96; sec. 561, p. 601, n. 60 New; sec. 962, p. 812, n. 75; sec. 966, p. 813, n. 14; sec. 977, p. 817, n. 85.

5425; *Mechanics & Metals Nat. Bank v. Pingree,* 40 Ida. 118, 232 Pac. 5.)

Respondent having acquiesced in the making of the improvements, and accepted the benefits thereof, cannot now take an inconsistent position. (*Blackwell v. Kercheval,* 27 Ida. 537, 149 Pac. 1060; 10 R. C. L. 694; *Seeley* v. *Security Nat. Bank,* 40 Ida. 574, 235 Pac. 976; *Leaf v. Reynolds,* 34 Ida. 643, 203 Pac. 458; *Exchange State Bank v. Taber,* 26 Ida. 723, 145 Pac. 1090; *Farber v. Page & Mott Lumber Co.,* 20 Ida. 354, 118 Pac. 664; *Swain v. Seamons,* 9 Wall. (U. S.) 254, 19 L. ed. 554; *Shafer v. Killpack,* 53 Utah, 468, 173 Pac. 948; *Lilliard v. Board of Commrs.,* 102 Kan. 822, 172 Pac. 518.)


C. W. Thomas, for Respondent.

The lien of a mortgage is not discharged or released by a new note or notes, or new mortgage, in absence of an express agreement to such effect. The note is only evidence of an indebtedness and the lien of the mortgage in such cases can be discharged only in the manner provided by law. (*Walker* v. *Farmers Bank of Kendrick,* 41 Ida. 279, 238 Pac. 968; 19 R. C. L. 452; Jones on Mortgages, 6th ed., secs. 924, 925; *United States v. Grover,* 227 Fed. 181; *Clark v. Sheldon,* 223 Mich. 323, 193 N. W. 876; *Bachmann v. Hurtt,* 26 Wyo. 332, 184 Pac. 709; *Interstate Trust Co. v. Headlund,* 51 Utah, 543, 171 Pac. 515; *Bank of Benson v. Jones,* 147 N. C. 419, 61 S. E. 193, 16 L. R. A., N. S., 343; *Sather Banking Co. v. Briggs,* 138 Cal. 724, 72 Pac. 352; *Tolman v. Smith,* 85 Cal. 280, 24 Pac. 743; *Pugh v. Fairmont Gold etc. Min. Co.,* 112 U. S. 238, 5 Sup. Ct. 131, 28 L. ed. 684.)

A mechanic's lien is subordinate to a mortgage recorded prior to the date materials are commenced to be furnished. (*Pacific States, etc., v. Dubois,* 11 Ida. 319, 83 Pac. 513; C. S., sec. 7345; 18 Cal. Jur. 125, and authorities cited; notes, Ann. Cas. 1916B, 635–664.)

Knowledge by the mortgagee that the owner intends to improve the land or is improving the same will not subordi-

nate the lien of the mortgage to the lien of the materialman. The mortgagee is not considered an "owner." (*Basham v. Goodholm & Sparrow Inv. Co.*, 52 Okl. 536, 152 Pac. 416; *Allis-Chalmers Co. v. Central Trust Co.*, 190 Fed. 700, 111 C. C. A. 428, 39 L. R. A., N. S., 84, and note; *Middleton v. Arastraville Min. Co.*, 146 Cal. 219, 79 Pac. 889; C. S., secs. 7339, 7345.)

The recording act is intended to protect only subsequent purchasers or mortgagees in good faith and for a valuable consideration without notice, actual or constructive. The purpose being to charge persons subsequently dealing with the property, with notice of contents of instruments of record. (C. S., secs. 5423, 5427; 17 Cal. Jur. 946, 947; 22 Cal. Jur. 623, 624.)

The evidence to support an estoppel must be clear, precise and unequivocal, and the burden of proof is upon the party relying upon an estoppel. Nor will silence work an estoppel, unless there be a specific opportunity and a real or apparent duty to speak. (10 R. C. L. 692, 844; *Seat v. Quarles*, 31 Ida. 212, 169 Pac. 1167; *Neitzel v. Lawrence*, 40 Ida. 26, 231 Pac. 423.)

Party claiming an estoppel must be without knowledge or means of knowledge of facts on which he bases claim of estoppel, and the representations or conduct relied on must have been concurrent with or anterior to the action which they are alleged to have influenced. (21 C. J. 1129, 1130, 1132, 1207, 1208, 1249.)

VARIAN, Commissioner.—On June 23, 1919, defendants Whitaker and wife executed their real estate mortgage to respondent bank, covering 160 acres of land, to secure their note for $15,000. The mortgage was recorded June 26, 1919. Thereafter, in the same year, Whitaker and wife conveyed 80 acres of the mortgaged tract to one E. G. Frank, who assumed and agreed to pay $7,000, with interest, of the mortgage indebtedness first mentioned.

On June 7, 1920, appellant began furnishing Frank with materials for the construction of a certain dwelling-

house and a chicken-house on the tract conveyed to him. The last material was delivered to Frank on September 16, 1920. On September 17th of the same year, appellant began the delivery of material to Frank for the erection of a barn upon the same property, the last delivery of which was made on November 8, 1920. On December 6, 1920, appellant filed two claims of lien upon the 80 acres owned by Frank; the first covered the material furnished for the house and chicken-house, and the other covered material furnished for the barn.

Under date of October 1, 1920, Frank and wife executed a mortgage to respondent bank upon his 80 acres (E. ½ NW. ¼ sec. 22, twp. 11 S., R. 23 E., B. M.) to secure their note for $6,500, which mortgage was recorded on October 25, 1920. On the same date, October 1, 1920, Whitaker and wife executed a mortgage upon his remaining 80 acres to respondent bank to secure their note for $7,500. This mortgage was duly recorded on November 13, 1920.

This action was commenced on February 27, 1922, by respondent to foreclose its $15,000 mortgage. Appellant answered, admitting the execution of the note and mortgage and the transfer of the said east half of the northwest quarter to Frank, the failure of defendants to make instalment payment due October 1, 1921, or the interest due on that date, and denying the reasonableness of attorney's fees asked for in the complaint. Appellant then set up its lien claims, asking judgment for their foreclosure, and alleged that the $15,000 mortgage had been discharged by the mortgage of Frank and wife on October 25, 1920.

The court found that prior to or during the time of the furnishing of materials to Frank by appellant for the construction of the dwelling, chicken-house and barn, appellant never notified respondent that it was so furnishing said materials, or that it intended to claim a lien upon said premises for the purchase price thereof; that respondent in no manner led or induced appellant to believe that respondent would pay for the materials used in the construction of

said structures, nor that respondent would waive its lien by virtue of its $15,000 mortgage in favor of appellant, and that no understanding or agreement was ever had between appellant and respondent respecting the selling and delivery of any of said materials to Frank by appellant, nor claiming by appellant of a lien therefor; that the mortgages dated October 1, 1920, executed by Frank and wife, for $6,500, and Whitaker and wife for $7,500, were made upon the request of the respective makers thereof; that said mortgages were not to take effect, become liens, valid obligations, renewals or a splitting up of the $15,000 mortgage until such mortgages were shown by abstract of title to be first and prior liens, subject to the lien of the United States Reclamation Service, upon each parcel of land described in said mortgages, nor until $100 and, in addition thereto, the costs of continuation of the abstracts recording said mortgages, and all other costs in connection therewith, had been paid; that it was agreed that the $15,000 mortgage would not be released, or discharged, of record, or otherwise, until such terms and conditions were fully performed and complied with; that through no fault or neglect of respondent said terms and conditions were never performed, paid or complied with; that the abstracts of title, when continued, did not show said mortgages to be first or prior liens upon the premises, but showed them to be subject to the liens of appellant for materials furnished as aforesaid; that said terms and conditions were never thereafter performed by Frank or Whitaker; that after the recording of said mortgages, the makers thereof, without performing or offering to perform the conditions precedent to the same going into effect, entered into negotiations with the local agent of respondent in an effort to secure $1,500 increase in the case of the $6,500 mortgage, and $500 increase in the case of the $7,500 mortgage; that said makers endeavored to obtain said increases at all times after the signing of said mortgages, until and up to the filing of appellant's claims of lien; that said increases were not agreed to by

respondent; that the $15,000 mortgage is and was to continue a valid subsisting lien, and not be released or discharged by the recordation of the $6,500 and $7,500 mortgages, respectively, which were recorded only according to the custom of respondent of having the same shown on the abstract of title when brought down to date. The court further found that at the time of the furnishing of the materials by appellant, Frank told appellant that he intended to split or segregate the $15,000 mortgage, whereby a certain portion thereof would be against his premises and a certain portion thereof against the premises owned by Whitaker; that the fact of Frank's so advising appellant was unknown to respondent, which did not authorize said statement, nor was the same ever brought to respondent's knowledge by Frank or appellant. These findings are fully sustained by the evidence. The court granted foreclosure of the $15,000 mortgage and appellant's two liens, decreeing the latter subordinate and subject to the former.

[1] The sole question presented by this appeal relates to the validity of the $15,000 mortgage, and its priority over appellant's said liens for material.

The lien of the $15,000 mortgage, being of record when the first material was furnished, is prior to appellant's liens for material (*Pacific States etc. Co. v. Dubois,* 11 Ida. 319, 83 Pac. 513), unless it has been extinguished, or released, by the taking and recordation of the said mortgages of Frank and wife, and Whitaker and wife, to respondent, or other acts of the parties.

[2] Appellant contends that the giving of the $6,500 and $7,500 mortgages amounted to a renewal and discharge of the $15,000 mortgage. The lien of a mortgage upon real estate may be discharged in three ways: by entry on the record acknowledging satisfaction, signed by the mortgagee; by satisfaction entered on the record by the officer having custody thereof, on presentation to him of a certificate signed by the mortgagee, etc.; or, by decree of a competent court. (C. S., secs. 6366, 6367.) Where not so discharged

and the debt is not extinguished, the lien upon the land remains. (*Kelly v. Leachman*, 3 Ida. 629, 33 Pac. 44.)

"The great weight of authority is that the renewal of the evidence of a debt does not, in the absence of an agreement between the parties, constitute in law payment of the old debt. The Kansas court, in a case almost identical with this, held that the new note and mortgage did not discharge an earlier debt, or operate to satisfy an earlier mortgage upon identical property. . . . . " Quoting from the opinion in *Howard v. First Nat. Bank*, 44 Kan. 549, 24 Pac. 983, 10 L. R. A. 537. (*Walker v. Farmer's Bank of Kendrick*, 41 Idaho, 279, 238 Pac. 968.)

See, also, *Smith v. Thomas*, 42 Ida. 375, 245 Pac. 399; Jones on Mortgages, 7th ed., secs. 924, 925.

The court found that the original $15,000 indebtedness had not been paid, and that there was no agreement that the $6,500 and $7,500 mortgages should operate to discharge the lien of the mortgage securing the original $15,000 indebtedness. Both findings are sustained by the evidence. The mere fact that there was a conditional understanding that the mortgage might be split upon certain conditions, which were not fulfilled, did not operate as a discharge of the $15,000 debt or the lien of the mortgage securing the same, it not appearing that such was the intention of the parties. It is true that Frank represented to appellant, about the time the materials were to be furnished, that the $15,000 mortgage would be "split" in the following October, but this representation was never sanctioned by respondent, or even called to its attention.

[3] At the trial, over objection of appellant, respondent was permitted to prove that its custom was to record prospective mortgages to have them show upon the abstract of title, before closing the loan and paying over the money loaned on that security. We do not think this custom comes within the rule announced in *Mechanics & Metals Nat. Bank v. Pingree*, 40 Ida. 118, 232 Pac. 5, to the effect that a usage or custom repugnant to the provisions of a

statute is void. The evidence all tends to show that the two mortgages of $6,500 and $7,500, by agreement of the parties, were not in fact what they purported to be. The evidence of custom was admissible solely as bearing upon the intention of respondent in causing them to be recorded.

[4]    The final contention of appellant is that "respondent having acquiesced in the making of the improvements, and accepting the benefits thereof, it cannot now take an inconsistent position."

The facts in this case do not bring it within any of the rules laid down in the Idaho cases cited by appellant. At all times when appellant was dealing with Frank, the $15,000 mortgage executed by Whitaker and wife was standing of record. The record showed that Frank's title was subject to the lien of that mortgage. In addition, appellant had actual knowledge, at the time it contracted with Frank to furnish him with the materials for building the structures, that Frank's land was covered by said mortgage. Respondent's agent did not know of the improvements being constructed upon the mortgaged premises by Frank until the house and chicken-house had been completed and the barn was practically completed. Appellant never, at any time, applied to respondent for information concerning the splitting of the $15,000 mortgage. Appellant is not shown to have changed its position because of any act or statement of respondent, or its agents. It had acted, and had furnished most of the materials for which liens are claimed by it, before the proposed $6,500 and $7,500 mortgages had been executed or placed of record. Frank is nowhere shown to have been in any sense the agent of respondent, or acting for it in any way. He was dealing with appellant solely on his own account. Nor is the instant case within the rule as laid down in 21 C. J. 1207:

"In order to create an estoppel by the acceptance of benefits, it is essential that the party against whom the estoppel is claimed should have acted with knowledge of his rights; also, that the party claiming the estoppel was with-

out knowledge, or means of knowledge, of the facts on which he bases his claim of estoppel, that he was influenced by, and relied on, the conduct of the person sought to be estopped, and that he changed his position in reliance thereon to his injury. . . . . And it has been said that it is only where a party may accept or reject without serious inconvenience that an estoppel arises from the acceptance of benefits.''

We recommend that the judgment be affirmed.

Brinck and Johnson, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment is affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Givens and Taylor, JJ., concur.

Budge, J., dissents.

T. Bailey Lee, J., disqualified.