(No. 4900.   July 24, 1928.)

R. B. GUNNELL, Respondent, v. LARGILLIERE COM-
PANY, BANKERS, a Corporation, Appellant.

[269 Pac. 412.]

R. J. Dygert, for Appellant.

J. H. Peterson, D. Worth Clark and C. E. Melvin, for Respondent.

VARIAN, Commissioner.—Plaintiff brought this action in claim and delivery against his mortgagee and the sheriff, alleging wrongful foreclosure of a chattel mortgage. At the first trial the jury found for the sheriff, but disagreed as to the liability of the mortgagee. On the second trial, plaintiff recovered a verdict against the defendant mortgagee for the return of certain chattels or their value ($550), $300

compensatory damages, and $1,000 punitive damages. Said defendant moved for a new trial, alleging excessive damages given under the influence of passion or prejudice, insufficiency of the evidence to justify the verdict, and that it was against law. The court reduced the value of the chattels taken to $450, the compensatory damages to $35, and entered judgment for these amounts together with $1,000 punitive damages. This appeal is from the judgment as reduced, and the order denying a new trial.

The facts are as follows: On December 5, 1924, plaintiff executed his promissory note to defendant for $2,225, payable one year after date, with interest at eight per cent per annum. On the same day he executed a chattel mortgage to secure the payment of said note upon crops for the season 1925–1926, certain farm machinery, horses, cattle and pigs. On December 15, 1925, ten days after the note became due, plaintiff went to defendant's banking house at Soda Springs, paid the interest to December 5, 1925, $225 on the principal, and executed a new note for the balance of $2,000, dated December 5, 1925, payable one year after date. Defendant wrote across the new note the words, "This note is a renewal of note #2914 dated December 5th 1924," and retained the original note for $2,225, which was marked "No. 2914." The transaction was had with August Largilliere, president of defendant bank, who directed a clerk, Mr. Touressen, to make out the papers. Plaintiff, at the time he executed the renewal note, signed a new chattel mortgage and a financial statement, dated December 15, 1925, on the form used by the defendant, in blank, both to be filled in later by Touressen from data communicated by plaintiff. Plaintiff left the bank, and later in the same day E. W. Largilliere, cashier of defendant bank, came to him and said he could not take the settlement negotiated by the president. The same evening, defendant's attorney and a deputy sheriff came down to Smith's, where plaintiff was, and told him he represented the defendant and that plaintiff would have "to come through with $500." Plaintiff said he did not know whether he could get that sum or not, but would go to

Montpelier the next day. He did go, and failed to raise the money. He then sold $267 worth of cattle, and offered it to defendant, who at first refused it, but subsequently accepted and credited the amount on the indebtedness.

On December 18, 1925, defendant, acting upon a report made by its attorney as to the value of its security, directed summary foreclosure by notice and sale, and the cashier executed the affidavit required by C. S., sec. 6380 et seq., declaring on the original note and mortgage and making no reference to the renewal note. There is some evidence to show that plaintiff had sold a few head of livestock covered by the chattel mortgage, and was slow in accounting to defendant therefor. On December 24, 1925, defendant directed the foreclosure to proceed, and on the 26th its attorney and a deputy sheriff demanded possession of the mortgaged property, and on refusal the deputy sheriff, on receipt of notice to foreclose, served the copy of the affidavit on foreclosure, and proceeded to take possession of all the property covered by the chattel mortgage. It was located on two ranches, about four and six miles, respectively, from Soda Springs. All of the property, except certain hay and grain, was removed to Soda Springs; the implements were stored on a lot adjoining defendant's store, and the livestock taken to the Knollin barn in Soda Springs.

On December 28, 1925, the chattels in Soda Springs were noticed by the sheriff for sale there at 2 P. M. on January 2, 1926, and hay and grain for sale at the Gunnell ranch, Daisyville precinct, in Caribou county, on January 4, 1926. On December 31, 1925, plaintiff remitted to defendant, by registered mail, at Soda Springs, $1,744, covering the principal and interest unpaid upon its renewal note. This remittance was not received by the defendant until the morning of January 2, 1926. On January 4, 1926, it stamped both the original and renewal notes "paid," and returned them to plaintiff. The payment was received after this action was commenced and before the sale of some of the chattels was had. All of the property was subsequently

returned to plaintiff, except six pigs, four horses, a header and a double disc harrow.

The first assignment of error relates to the passing upon defendant's demurrer, it having been heard in a county other than that in which the action was pending.

The complaint was filed on December 31, 1925, in Caribou county, against the appellant mortgagee and the sheriff. January 13, 1926, defendants demurred to the complaint. Thereafter, plaintiff noticed the demurrer for hearing before Judge Baum at Pocatello for January 30, 1926, which notice was duly served on counsel for appellant. On that date, counsel for appellant failed to appear at Pocatello, at the time and place fixed by the notice, and the trial judge, after reciting the facts, ordered the hearing continued until February 9, 1926, at Pocatello, at chambers, at 10 o'clock A. M., and that the order be made a minute entry, and directed a copy to be served on counsel for appellant. On that date, the trial judge made an order reciting his order, the giving of notice to counsel for appellant, his failure to appear at the time and place stated in the order, and overruled the demurrer. Thereafter, the defendants filed separate answers.

Under the provisions of C. S., sec. 6493, par. 13, a district judge may sit at chambers anywhere within his district, and hear demurrers and motions "and other issues of law" at chambers. C. S., sec. 6496, provides:

"Unless otherwise specified by the district judge, all chamber matters shall be heard at the judge's chambers where said judge resides, but said judge is hereby granted jurisdiction and power to sit at chambers in any other county in his district than that in which he lives."

If Pocatello was the place where the district judge resided, it was proper to notice the hearing of a demurrer, pending in another county in the same judicial district, at chambers at Pocatello. If Pocatello was not his residence, the district judge still had power to specify Pocatello as the place where a demurrer, pending in another county in the same judicial district, might be heard at chambers.

The district judge had the power to so specify the place of hearing, of his own motion and without formal application, the time and place of all such hearings outside of the county in which the actions are pending, being subject to regulation by court rule, or other control by the district judge.

Appellant contends that when the affidavit and notice was placed in the hands of the sheriff on December 26, 1925, the chattel mortgage was due by reason of the insecurity clause in the renewal note (as well as the original note), reading:

"Makers and indorsers hereof do each and severally agree that this note shall be payable on demand, should the holder deem himself insecure at any time."

The affidavit describes the original note for $2,250; alleges the payment of the interest thereon to December 15, 1925, and the sum of $225 on the principal; and "that there is now due and owing upon said note the sum of $2,000 and interest since December 15, 1925, for all of which the mortgagee demands the property described in this affidavit and in said mortgage to be seized and sold by the Sheriff of Caribou County, Idaho, or by any of his deputies, and sold in accordance with law," etc.

By its express terms, the original note for $2,225 became due on December 5, 1925, and the $2,000 note given in renewal thereof did not become due until December 5, 1926. The original chattel mortgage securing payment of the original note for $2,225, provides that plaintiff will renew the original note with the accumulated interest when due, and "such note or notes taken in renewal of the indebtedness hereinbefore described shall be secured at all times by this mortgage," and that the original note or notes secured by the mortgage shall be held by defendant and marked "paid by renewal," with date of renewal stamped on the original note, and same and all renewals thereof shall be held by defendant until paid in full.

When the affidavit was executed, December 15, 1925, the original note described in the affidavit, was past due

by its terms. The renewal note, dated December 5, 1925, extended the time of payment until December 5, 1926, although the original note was not stamped "paid by renewal."

"Since a chattel mortgage is regarded as security for the debt and not as the instrument evidencing the debt, while the original debt remains, the mortgage is not defeated by a change in the form of the debt or in the evidence thereof, but continues as security for the debt in its new form." (11 C. J., p. 682, and cases cited *post*.)

And the giving of a new note in renewal of, or in substitution for, the original note, does not discharge the mortgage. (*Walker v. Farmers' Bank of Kendrick*, 41 Ida. 279, 238 Pac. 968; *Smith v. Thomas*, 42 Ida. 375, 245 Pac. 399.)

The effect of taking the renewal note was to extend the time of payment for one year, and fixed the amount of the unpaid balance on the original indebtedness. (8 C. J., p. 431.) And while the renewal note contains the insecurity clause quoted, it will not be necessary to determine its effect here, because defendant did not declare on the renewal note in the foreclosure proceeding; instead it declared upon the original note, which had, in effect, been superseded by the later renewal note. No express declaration that defendant "deemed" itself "insecure" appears in the affidavit, nor does it state that the renewal note "is due." The affidavit does not mention the renewal note. Under the facts, it is apparent that the indebtedness upon which the attempted foreclosure was grounded was not due when the affidavit on foreclosure was placed in the hands of the sheriff, and foreclosure started.

It is contended that the sheriff having been found not liable by the jury in the former trial, being jointly charged with appellant for the wrongful taking, careless handling and wrongful detention of the property, the appellant cannot now be held liable.

The evidence clearly shows that appellant, through its agents, was present at the time the property was seized, and directed the sheriff in the seizure and subsequent storage

of the chattels seized upon the land in the rear of its property. It aided and abetted in the tort committed by the officer, and was liable to respond in damages under the rule announced in *Bailey v. Irrigation Co.*, 39 Ida. 354, 227 Pac. 1055, citing 26 R. C. L., p. 767; and the fact that the jury acquitted the sheriff does not, under all the circumstances of this case, relieve appellant from liability. The verdict cannot be set aside because it may seem to be inconsistent with another verdict, ''or because another verdict is wrong, or some other party has been discharged or exonerated.'' (*Strickfaden v. Greencreek Highway District*, 42 Ida. 738, 49 A. L. R. 1057, 248 Pac. 456.)

No exceptions to the instructions given are presented, and no objection is raised by this appeal as to the instructions, other than appellant contends that it is not liable for any damages, either actual or punitive.

Where a chattel mortgage is foreclosed by notice and sale, when no legal right to do so existed because the debt was not due, a cause of action in conversion arises. (*First Savings Bank v. Sherman*, 33 Ida. 343, 195 Pac. 630; 11 C. J., p. 589.) The measure of damages in such case is the value of the property at the time of the conversion, plus special damages caused by the taking, if specially pleaded, and interest. (*Averill Machinery Co. v. Vollmer-Clearwater Co.*, 30 Ida. 587, 166 Pac. 253.) The measure of damages for detention of the property is the value of its use up to the time defendant became entitled to its possession. (11 C. J., p. 597.)

This court has laid down the rule in regard to punitive or exemplary damages:

''As we understand the rule of exemplary or punitive damages, they cannot be recovered unless the evidence shows clearly that the action of the wrongdoer is wanton, malicious or gross and outrageous, or where the facts are such as to imply malice and oppression, in which case the law authorizes the court to allow a sum of money as punishment to the wrongdoer for the injury done.'' (*Unfried v. Libert*, 20 Ida. 708, 119 Pac. 885.)

It is said that punitive damages will only be allowed where the injury is attended "by circumstances of wilful fraud, malice or gross negligence." (17 C. J., p. 979; *Unfried v. Libert, supra.*)

We are of the opinion that the facts in the instant case do not bring it within the rule announced. The defendant, in attempting to foreclose its mortgage, under its construction of the terms of the contract, failed to bring itself within the rules governing such procedure, and prematurely brought its foreclosure proceeding. The evidence does not show that its action was wanton, malicious or gross and outrageous, nor do the facts imply that it acted from motives of malice or oppression. The record shows that appellant was attempting to apply a remedy it deemed itself entitled to, and fails to show wilful fraud, malice or gross negligence.

We recommend that the judgment be affirmed, ordering the return of certain items of property, or for its value (in the aggregate $450) in case a return thereof cannot be had, and the further sum of $35 compensatory damages; that the judgment be reversed as to the item of $1,000 punitive damages, and the cause remanded, with directions to enter judgment accordingly.

Brinck and Baker, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment is modified in accordance with the views therein expressed. Costs to appellant.

Wm. E. Lee, C. J., and Budge, Givens and T. Bailey Lee, JJ., concur.