(December 20, 1920.)

THE FIRST SAVINGS BANK OF POCATELLO, a Corporation, Respondent, v. SINA E. SHERMAN and E. H. SHERMAN, Appellants.

[195 Pac. 630.]

PLEADING AND PRACTICE—COUNTERCLAIM—CROSS-COMPLAINT—CHATTEL MORTGAGES—CONVERSION.

1. Where the mortgagee in a chattel mortgage forecloses such mortgage by notice and sale before the debt is due, it is a conversion of the mortgaged property.

2. Where a note is secured by a chattel mortgage, which is foreclosed by the mortgagee by summary proceedings by notice and sale before the note is due, and the amount received at the foreclosure sale is indorsed on the note, and suit is brought by the mortgagee to recover the balance due on the note from the mortgagors, a cause of action arising out of the conversion of the mortgaged chattels by such wrongful foreclosure is a counterclaim, though denominated a cross-complaint, and is deemed controverted under C. S., sec. 6717.

3. The character of a pleading is to be determined from the nature and substance of the facts therein alleged, and not from what the pleader may have called it.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. James G. Gwinn, Judge.

Appeal from an order setting aside default and vacating judgment. *Order affirmed.*

B. H. Miller and W. A. Ricks, for Appellants.

"While it may not be good practice to embody in the same instrument an answer and a cross-complaint, we know of no provision of the statute prohibiting that method of pleading, and it is clear to us that a cross-complaint is pleaded in this action which was not answered." (*Western Loan & Sav. Co. v. Smith,* 12 Ida. 94, 85 Pac. 1084.)

While each cause of action must be complete in itself, such allegations may be incorporated into a subsequent cause of action, by proper reference, without repetition. (*Ramsey v. Johnson,* 7 Wyo. 392, 52 Pac. 1084; *Sly v. Palo Alto G. M. Co.,* 28 Wash. 485, 68 Pac. 871; *Realty Avenue Guaranty Co. v. Farm S. & H. P. Co.,* 79 Minn. 465, 82 N. W. 857; *Jasper v. Hazen,* 2 N. D. 401, 51 N. W. 583; *Birmingham Ry. & E. Co. v. Allen,* 99 Ala. 359, 13 So. 8, 20 L. R. A. 457; *Freeland v. McCulloch,* 1 Denio (N. Y.), 414, 43 Am. Dec. 685; *Florida, C. & P. R. R. Co. v. Foxworth,* 41 Fla. 1, 79 Am. St. 149, 25 So. 338; *Wolf v. Smith,* 149 Ala. 457, 42 So. 824, 9 L. R. A., N. S., 338; *Eaton v. Oregon Ry. & Nav. Co.,* 19 Or. 391, 24 Pac. 415; *Manning v. School Dist. No. 6,* 124 Wis. 84, 102 N. W. 356; *Cragin v. Lovell,* 88 N. Y. 258; *Eldridge v. Hargreaves,* 30 Neb. 638, 46 N. W. 923.)

"And most authorities allow such aider where express reference is made even as to facts constituting the gravamen of the action." (31 Cyc. 123.)

The cross-complaint states a cause of action. (*Edelstein v. United States,* 149 Fed. 636, 79 C. C. A. 328, 9 L. R. A., N. S., 236; *Hunt v. Hunt,* 72 N. Y. 217, 28 Am. Rep. 129; *Frankfurth v. Anderson,* 61 Wis. 107, 20 N. W. 662; *Bitzer v. Mercke,* 111 Ky. 299, 63 S. W. 771; *Wood v. Blythe,* 46 Wis. 650, 1 N. W. 341; *Kalb v. German Savings Inst.,* 25 Wash. 349, 87 Am. St. 757, 65 Pac. 559; *State v. Horton,* 89 N. C. 581; *Pierson v. Benedict,* 5 Kan. App. 790, 48 Pac. 996; *Altman v. School Dist.,* 35 Or. 85, 76 Am. St. 468, 56

Pac. 291; *Re James*, 99 Cal. 374, 37 Am. St. 60, 33 Pac. 1122; *Trumble v. Williams*, 18 Neb. 144, 24 N. W. 716; *Rich v. Chicago*, 187 Ill. 396, 58 N. E. 306; *Edmundson v. Independent School Dist.*, 98 Iowa, 639, 60 Am. St. 224, 67 N. W. 671.)

Geo. H. Lowe and McDougall & Jones, for Respondent.

If the facts stated in the cross-complaint are not sufficient to constitute a cause of action, a default judgment entered upon such cross-complaint will be set aside upon motion. (*Wheatland G. & Lbr. Co. v. Dowden*, 26 Okl. 441, 110 Pac. 899; *Abbe v. Morr*, 14 Cal. 210; *Harding v. Gillett*, 25 Okl. 199, 107 Pac. 665; *Barron v. Frink*, 30 Cal. 486; 15 R. C. L., sec. 44; 1 Black on Judgments, 2d ed., sec. 84, p. 118.)

The issue was as completely raised on the matters alleged in the separate defense as it could have been, had an attempt been made to answer the alleged cross-complaint. (*Wheeler v. Gilmore*, 23 Ida. 479, 130 Pac. 801; *Shain v. Belvin*, 79 Cal. 262, 21 Pac. 747; *Banning v. Banning*, 80 Cal. 271, 13 Am. St. 156, 22 Pac. 210; *Goldman v. Bashore*, 80 Cal. 146, 22 Pac. 82; *Cohn v. Kelly*, 132 Cal. 468, 64 Pac. 709.)

The transaction attempted to be set out by defendants, if properly plead, would be a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action, and is therefore a counterclaim. This is deemed controverted by sec. 6717, C. S. (*First Nat. Bank of Hailey v. Bews*, 3 Ida. 486, 31 Pac. 816.)

REDDOCH, District Judge.—This action was commenced by respondent upon a promissory note to recover the sum of $3,899.80, with interest, attorneys' fees, and costs. The note was executed for the sum of $5,000, secured by chattel mortgage which had been reduced to the above amount by a summary foreclosure of said mortgage, by notice and sale. Appellants' answer contained a further and separate answer and a cross-complaint. The time for answering the cross-complaint having expired, and no answer or demurrer thereto

having been filed, respondent's default was entered and appellants submitted proof and obtained judgment in the sum of $12,740.00 and costs. On August 25, 1919, an execution was issued upon this judgment directed to the sheriff of Bannock county. On August 26, 1919, levy was made upon respondent's property and the sheriff was given a draft by respondent for the full amount of the judgment, including his fees and commission. On August 30, 1919, respondent filed its motion to set aside the default and vacate the judgment upon the ground of mistake, inadvertence, surprise and excusable neglect, and also that no cross-complaint was ever prepared, served or filed which would warrant the entering of a default; that same does not state facts sufficient to constitute a cause of action, and that the allegations thereof were deemed controverted by the statutes of this state. On September 3, 1919, marginal satisfaction of the judgment was entered. After a hearing on said motion, the court denied same upon the ground of mistake, inadvertence, surprise and excusable neglect, but sustained said motion on the ground "That said cross-complaint is insufficiently set out and pleaded and on no other ground and for no other reason." From that part of the order granting the motion to set aside the default and vacate the judgment, this appeal is prosecuted.

Appellants assign as error the action of the court in granting said motion on the ground above specified.

Appellants, in their answer, denied liability on the note and set up by way of a further and separate defense that they were not in default in payment of interest; that the affidavit upon which the foreclosure of the mortgage was based was false and fraudulent in alleging they had defaulted in the payment of interest; that the debt secured by the mortgage was not in fact due, and respondent had no right to so declare, and that by said foreclosure they were unlawfully deprived of their property to their damage in the sum of $12,740. The cross-complaint, after alleging the corporate character of the respondent on information and belief, alleged "That defendants hereby adopt, reiterate and

make a part of this cross-complaint, paragraphs numbered 1, 2, 3, 4, 5, 6, 7 and 8 of the foregoing and hereunto attached further and separate answer and defense of these defendants, and make the same paragraphs numbered 2, 3, 4, 5, 6, 7, 8 and 9, respectively, of this cross-complaint, as fully as if the same were set out verbatim herein,'' and this is followed by a prayer that respondent take nothing by its action and that appellants have judgment for the sum above mentioned.

Appellants urge that if the cross-complaint was defective or insufficient in manner and form, in the absence of a timely objection by demurrer or motion, it is now too late to raise such question. Respondent contends that the cross-complaint is, in fact, no pleading at all; does not state a cause of action; is in its legal effect a counterclaim and deemed denied under C. S., sec. 6717, and gave the court no jurisdiction to enter default or render judgment. We are called upon to determine the legal effect of the pleading denominated a ''cross-complaint.'' If, as a matter of law, it is a counterclaim, it was deemed denied, and no default could be entered or judgment rendered without a trial upon the merits. A reference to the statutes is necessary to determine this question. C. S., sec. 6694, so far as material, provides:

''The answer of the defendant shall contain:

''2. A statement of any new matter constituting a defense or counterclaim.''

C. S., sec. 6695, so far as material, provides:

''The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

''1. A cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.''

C. S., sec. 6696, is as follows:

''If the defendant omit to set up a counterclaim in the cases mentioned in the first subdivision of the last section,

neither he nor his assignee can afterwards maintain an action against the plaintiff therefor.''

In C. S., sec. 6717, it is provided: ''The statement of any new matter in the answer, in avoidance or constituting a defense or counterclaim, must, on the trial, be deemed controverted by the opposite party,'' and C. S., sec. 6897, provides: ''If a counterclaim, established at the trial, exceed the plaintiff's demand, judgment for the defendant must be given for the excess; . . . . ''

An examination discloses that the office and function of a counterclaim is well defined, and it is not optional with the pleader to plead a cross-complaint where, by the terms of the statute, it is, in truth and in fact, a counterclaim. In passing upon the nature and character of the pleading, we must assume that its allegations are true.

The further and separate answer of appellants, which was adopted by reference into a cross-complaint, alleged a sale of the mortgaged property, which was given to secure the note sued on, when no legal right existed authorizing such sale. This would constitute a conversion. (11 C. J., sec. 284, p. 589.) The respondent was seeking to collect what it claimed to be due on the note, after crediting the amount received by means of the foreclosure sale.

The note was secured by a chattel mortgage, which, according to appellants' contention, was illegally foreclosed, and the question arises whether this did not give appellants a right of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. We think it did. It was defensive matter, which tended to reduce the amount of respondent's claim. We do not think appellants could have omitted to plead the conversion of their property as against respondent's claim on the note and thereafter maintain an action against respondent therefor, and if this be so, it was clearly a counterclaim. The word ''transaction'' as used in sec. 6695, subd. 1, *supra,* is broad and comprehensive. (Words & Phrases, 1st ser., vol. 8, p. 7060; 2d ser., vol. 4, p. 971.) The conversion of the mortgaged chattels by the

mortgagee is a proper matter of counterclaim by the mortgagor in a suit by the mortgagee upon the note which the mortgage was given to secure. (*Hanson v. Skogman,* 14 N. D. 445, 105 N. W. 90.)

The matter pleaded by appellants was a reciprocal demand, existing in favor of appellants and against respondent, between whom a several judgment might be had, and if appellants established the allegations thereof, they were entitled to judgment for any excess over respondent's claim, under the provisions of sec. 6897, *supra.*

The pleading denominated a cross-complaint, if a pleading it may be called, states a counterclaim. Its character is to be determined from the nature and substance of the facts therein alleged, and not from what the pleader may have called it. (1 C. J., sec. 113, p. 995.) Its allegations were deemed denied, and the court had no jurisdiction to enter default or render judgment thereon without a trial upon the merits.

The order appealed from is affirmed. Costs are awarded to respondent.

Morgan, C. J., and Rice, J., concur.

Petition for rehearing denied.