570 P.2d 1331

Mark B. CLARK, Petitioner-Appellant,

and

Blaine Park, Petitioner,

v.

Daniel B. MEEHL, Magistrate, and to the Magistrate Division of the Sixth Judicial Court of the State of Idaho, Respondents,

and

The State of Idaho, Intervenor-Respondent.

No. 12313.

Supreme Court of Idaho.

Oct. 28, 1977.

James J. May of May, May, Sudweeks & Fuller, Twin Falls, for petitioner-appellant.

Wayne L. Kidwell, Atty. Gen., Gordon S. Nielson, Senior Deputy Atty. Gen., Boise, for respondents.

SHEPARD, Justice.

This is an appeal from an order quashing an alternative writ of prohibition. Appellant Clark was charged in a complaint with having committed forgery and sought and obtained an alternative writ prohibiting the magistrate from conducting a preliminary hearing or proceeding further on the felony charge. Later the alternative writ was quashed and this appeal results. We affirm.

The alleged crime took place on February 3, 1973. On August 28, 1975, the Bannock County Prosecutor, by letter, requested the Attorney General of the State of Idaho to investigate the circumstances and if necessary to prosecute. The prosecutor, in his private capacity as an attorney, had repre-

sented Clark in the transaction which gave rise to the alleged felony and hence, although the alleged crime was within the primary jurisdiction of the county prosecutor, he disqualified himself. On January 27, 1976, an investigator for the Attorney General's office filed a complaint with the Bannock County magistrate charging Clark with having committed forgery.

Clark was later that day admitted to bail on his own recognizance and a preliminary hearing was scheduled for February 10, 1976. A Deputy Attorney General appeared for the State at the scheduled preliminary hearing. At that time Clark's attorney moved to dismiss the case contending that the magistrate was without jurisdiction. It was argued that the county prosecuting attorney who had primary jurisdiction over the case, see I.C. § 31–2227, had done nothing to commence a criminal prosecution and, that the Attorney General lacked authority to prosecute the case in the absence of a special appointment pursuant to I.C. § 31–2603. At the time of the scheduled preliminary hearing on February 10, 1976, no appointment as special prosecutor had been secured, but such appointment was secured later that day. Clark argues that until the Attorney General or his deputy had been specially appointed to prosecute the case, the investigator for the Attorney General was incompetent to file a complaint which would effectively commence a criminal proceeding. Since that had not been done prior to February 3, 1976, the three year statute of limitations, I.C. § 19–402, had run and was a bar to this prosecution. That motion was denied by the magistrate and the preliminary hearing was rescheduled for a later time.

Clark then petitioned the district court for a writ of prohibition to prevent the magistrate from conducting the preliminary hearing or otherwise going forward with the prosecution. The district court issued an alternative writ of prohibition and ordered the magistrate to show cause why it should not be made permanent. Following the hearing thereon at which the Attorney General was permitted to intervene, the District Court quashed the previously issued alternative writ.

■ A writ of prohibition serves a fundamental but narrow purpose. Its office is to determine if the body whose action is challenged was attempting to act without or in excess of its jurisdiction. I.C. § 7–401. *See Coeur d'Alene Turf Club, Inc. v. Cogswell,* 93 Idaho 324, 461 P.2d 107 (1969); *Hubbard v. Morse,* 76 Idaho 494, 285 P.2d 483 (1955); *Stein v. Morrison,* 9 Idaho 426, 75 P. 246 (1904). Appellant Clark's contention in this case is correct only if the *magistrate* was without jurisdiction over the charge of forgery against the appellant Clark.

In Idaho, "[t]he complaint is the allegation in writing, made to a magistrate, that a person has been guilty of some designated public offense." I.C. § 19–501. *See* I.C.R. 3 (1977). The magistrate is required to examine the person filing the complaint under oath and that person must subscribe to the complaint under oath. I.C. § 19–504. *See* I.C.R. 3. If the magistrate finds probable cause exists to believe a crime has been committed, and that the person named in the complaint committed the crime, a warrant for arrest must be issued. I.C. § 19–506. *See* I.C.R. 4(a). In appropriate situations a summons may be issued in lieu of a warrant. I.C.R. 4(a).

The central issue here is *who* may file a complaint. "Idaho's law provides that a warrant for arrest may be issued upon a complaint filed upon information by a private citizen if the magistrate, after investigation, is satisfied that the offense has been committed." *Howard v. Felton,* 85 Idaho 286, 293, 379 P.2d 414, 418 (1963).

"[I]f the words 'complaint' and 'information' are not meant to apply to the same thing, it may be said that 'complaint' is the name given to the pleading filed by any person other than the prosecutor himself with a justice's or probate court, and that the same pleading is called 'information' when the pleading is filed by the public prosecutor." *State v. Stafford,* 26 Idaho 381, 388, 143 P. 528, 530 (1914).

■ Hence, upon proper proceedings before a magistrate a complaint may be

filed by someone other than the prosecutor. It is immaterial whether that person is acting as a private citizen or for or on behalf of a public officer. Here, if it is otherwise sufficient, the complaint filed by the investigator for the Attorney General's office was competent to commence a criminal proceeding and the magistrate had jurisdiction. The "jurisdiction" or lack thereof of the Attorney General to prosecute the case for the State is irrelevant to the narrow question relating to the jurisdiction of the magistrate.

I.C. § 19–402 provides, "A prosecution for any other felony than murder must be commenced by *the filing of the complaint* or the finding of an indictment within three (3) years after its commission." Here the alleged forgery took place on February 3, 1973, and the complaint was filed on January 27, 1976. Hence, the prosecution was commenced prior to the running of the statute of limitations.

We conclude that the magistrate had jurisdiction to proceed in this case and the district court correctly quashed the alternative writ of prohibition. The order quashing the alternative writ of prohibition is affirmed. Costs to respondent.

McFADDEN, C. J., and DONALDSON, BAKES and BISTLINE, JJ., concur.