791 P.2d 429

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Bruce Reid BACON,
Defendant–Appellant.**

No. 17983.

Supreme Court of Idaho.

April 23, 1990.

---

**7.** Cited as 31 Idaho 136, 169 P. 929 (1917).

Randy J. Stoker, Twin Falls, for defendant-appellant.

Jim Jones, Idaho Atty. Gen., Michael J. Kane (argued), Deputy Atty. Gen., Boise, for plaintiff-respondent.

BOYLE, Justice.

Bruce Reid Bacon appeals from a decision of the district court denying his motion to dismiss a charge of misdemeanor driving under the influence. The facts presented to us in this case have been stipulated by the parties.

On April 26, 1987, Bacon was arrested in the city of Buhl for driving under the influence in violation of I.C. § 18–8002. The following day the Twin Falls County Attorney filed a complaint in case number 176612 charging the defendant with felony DUI. On May 18, 1987, a preliminary hearing was held on that charge and the case was dismissed. That same day the prosecuting attorney refiled the identical felony DUI charge and the court assigned number 176730 to the case. A second preliminary hearing was held on June 18, 1987, and the defendant was bound over to district court. The Twin Falls County prosecuting attorney moved the district court to appoint a special prosecutor pursuant to I.C. § 31–2603(a) on the grounds that one of the Twin Falls deputy prosecuting attorneys would be a witness. The district court entered an order in the case on August 11, 1987, approving the appointment of the special prosecutor in this case and the case caption on the order referred to it as "Case No. 2564." On January 25, 1988, the dis-

trict court heard arguments on defendant's motion to dismiss and ordered dismissal of the information.

The special prosecutor, acting through the Twin Falls County Prosecuting Attorney's Office, again refiled the felony complaint and the case was scheduled for a preliminary hearing. The court assigned case number 184821 to this proceeding. No application or order for appointment of a special prosecutor was obtained prior to filing case number 184821. A preliminary hearing was held on March 31, 1988, and the case was again dismissed on grounds that the underlying misdemeanor charges were invalid.[1]

On April 8, 1988, the special prosecuting attorney filed an amended complaint charging the defendant with a misdemeanor DUI occurring on April 26, 1987, in violation of I.C. § 18-8004. This pleading was filed in case number 184821[2] and is the subject of the appeal currently before this Court.

The defendant was arraigned on the misdemeanor DUI charge and a not guilty plea was entered by the court. The defendant thereafter filed his motion to dismiss the amended complaint. The magistrate court denied Bacon's motion to dismiss on June 6, 1988, and on July 5, 1988, Bacon entered a conditional plea of guilty to the misdemeanor charge. The court entered judgment of conviction consistent with the conditional plea agreement and stayed imposition of sentence pending appeal to the district court. On February 13, 1989 the district court upheld the magistrate's decision.[3]

On appeal to this Court, Bacon contends 1) that the special prosecutor lacked authority to amend and refile the complaint as a misdemeanor; 2) that the amended complaint filed under the case number of a previously dismissed case is invalid, and 3) that the refiling of charges on three occasions constitutes harassment.

I.

*Appointment of Special Prosecutor*

The first issue presented is whether the special prosecutor had legal authority to amend the charges to a misdemeanor DUI after the case in which he was appointed had been dismissed.

Criminal complaints can be filed by either a duly elected or appointed prosecuting attorney for the political body initiating the criminal charge. Former I.C. § 31-2603, which was in effect at the time of the appointment of the special prosecutor in this case, does not limit a special prosecuting attorney's role to a specifically named and filed case. The pertinent portion of the statute providing for appointment of the special prosecutor stated:

> [T]he district court may ... appoint some suitable person to perform for the time being, or for the trial of such accused person, the duties of such prosecuting

---

1. All of the felony charges were dismissed as a result of technical dificulties in the underlying misdemeanor convictions. Although different case numbers were given to the several cases, all charges and proceedings against Bacon arose out of the April 26, 1987 arrest.

2. The amended complaint was designated as case number 184821. This was the same file and number used for the felony DUI that was dismissed on March 31, 1988.

3. For convenience the proceedings are summarized as follows:

| Case No. | Date Charged | Charge | Disposition |
|---|---|---|---|
| # 176612 | April 27, 1987 | Felony DUI | Dismissed on May 18, 1987. |
| # 176730 | May 18, 1987 | Felony DUI | Bound over to district court; special prosecutor appointed in order assigned # 6524; Dismissed on January 25, 1988. |
| # 184821 | March 8, 1988 | Felony DUI | Dismissed on March 31, 1988. |
| # 184821 | April 8, 1988 | Misdemeanor DUI | Not guilty plea entered April 26, 1988; motion to dismiss denied on June 6, 1988; conditional guilty plea entered on July 5, 1988; district court affirmed magistrate decision on February 13, 1989. |

attorney, and the person so appointed has all the powers of the prosecuting attorney, while so acting as such.

The special prosecutor had the same power as the elected prosecutor to file a lesser charge against the defendant where the court previously dismissed the felony charge. A challenge to the authority of a special prosecutor was made in *State v. Corcoran*, 7 Idaho 220, 61 P. 1034 (1900), wherein the Supreme Court then held that even if the trial court mistakenly appointed a special prosecutor his acts were those of an officer *de facto* and were entitled to recognition as such. The Court in *Corcoran* concluded that the result would have been no different if some other suitable person had acted as prosecutor instead of the person so appointed.

■ The magistrate judge in the present action correctly observed in his memorandum decision that better practice would be to have an order from the district court appointing the special prosecutor in each of the new files. However, as both the magistrate judge and the district court ruled, that procedure is not necessary or required under the circumstances presented. Although the proceedings against Bacon were brought in four separate pleadings, the substance of the charges remained the same throughout the entire process, all having arisen out of the April 26, 1987 operation of his vehicle and subsequent arrest.

■ I.C. § 31–2603 allowed for "the appointment of a special assistant attorney-general to assist in the prosecution of any criminal case." Bacon, however, requests that this Court narrowly interpret the motion and order of appointment and limit the involvement of the special prosecutor only to case number 6524 in which he was appointed. We decline to do so and interpret I.C. § 31–2603 to allow appointment by the district court of a special prosecutor to assist in the state's case against a particular defendant in all related proceedings rather than limit the appointment to a court file bearing a particular case number.

In *Clark v. Meehl*, 98 Idaho 641, 570 P.2d 1331 (1977), this Court held that it is immaterial whether the person filing a complaint before a magistrate is acting as a private citizen or on behalf of a public officer. We hold that the special prosecutor, once appointed by the district court, had power and authority to file and pursue all related charges, just as if he had been the duly elected prosecuting attorney.

## II.

### Sufficiency of Amended Complaint

Defendant next asserts that once a case has been dismissed no further complaints or pleadings may be filed in that particular numbered case without leave of court, and that use of the case number from the dismissed case was not justified. Consequently, defendant argues without citing any authority that the amended complaint filed by the special prosecutor charging a misdemeanor DUI is void.

■ Bacon urges this Court to declare the amended complaint void because the special prosecutor did not obtain leave of court prior to its filing. The record demonstrates that following dismissal of the felony charges in case number 184821, the special prosecutor presented the amended complaint for subscription to the same magistrate who had dismissed the felony charge several days earlier. The magistrate subscribed the amended complaint and it was filed in case number 184821. We hold that the magistrate's subscription of the amended complaint in this case to be the equivalent of leave of court. Based on the record presented to us we find no prejudicial error in the procedure followed in filing the amended complaint.

■ I.C.R. 12(c) addresses the content of criminal pleadings and provides in pertinent part: "Every pleading ... shall contain a caption setting forth the names of the parties, the title of the district court, together with the assigned number of the action...." A legally sufficient, valid

criminal complaint need only be a simple and concise statement of the essential facts constituting the offense charged. *State v. Owens,* 101 Idaho 632, 619 P.2d 787 (1979) (overruled on other grounds). By way of analogy to civil actions, we have held that the character and nature of a pleading is to be determined from the substance of the facts therein alleged and not from what the pleading may have been designated or called by the party. *First Savs. Bank of Pocatello v. Sherman,* 33 Idaho 343, 195 P. 630 (1920).

■ Bacon contends that the use of several different case numbers, including one from a previously dismissed case, was prejudicial. The mistaken use of case number 6524 on the order appointing the special prosecutor, and use of a case number on the amended complaint from a previously dismissed case is not prejudicial to Bacon. I.C.R. 36 addresses the effect of mistakes or errors in court records and states:

Clerical mistakes—Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

In addition, I.C. § 19–3702 provides that neither a departure from the form of a pleading, nor a mistake or error therein, renders it invalid unless actual prejudice to the defendant occurs. This section is recognized as an admonition against reliance upon technical errors as the basis for reversal of judgments. *See State v. Stevens,* 93 Idaho 48, 454 P.2d 945 (1969).

Although the preferred manner of proceeding would have been to file a new case altogether rather than filing an amended complaint, merely having different or incorrect case numbers on the complaint or pleadings as a result of either a clerical or typographical error, or use of a number from a previously dismissed case on the amended complaint, is not sufficient cause to invalidate the complaint. This is particularly true where there is only one event giving rise to the charges contained in all pleadings, *i.e.,* Bacon's operation of his motor vehicle on April 26, 1987. The use of several different case numbers on the various pleadings, including use of the number from a previously dismissed case, has not been shown to have caused or resulted in any error or prejudice to Bacon.

### III.

### *Refiling of Charges*

Bacon contends by refiling the charges against him that the state is using the judicial process to harass him and consequently denied him due process of law.

■ In *State v. Ruiz,* 106 Idaho 336, 678 P.2d 1109 (1984), we held upon dismissal of a criminal complaint that the prosecution could file a new complaint. Similarly, in *Stockwell v. State,* 98 Idaho 797, 573 P.2d 116 (1977), this Court held where the charges were reduced at a preliminary hearing that it was permissible for a prosecutor to dismiss the case and refile the original charge. The Court in *Stockwell* noted that dismissal and refiling of criminal complaints, if done for the purpose of harassment or delay, could be a violation of due process. In *Ruiz,* this Court has held that once a complaint is dismissed,

[T]he State could have simply filed another complaint with another. magistrate, in effect, having its assertion of error resolved in a new preliminary hearing ... The State was not barred under double jeopardy principles from refiling since an accused is not put in jeopardy at a preliminary hearing. (Citations deleted) ... [T]he only limit to refiling a complaint is that it cannot be done without good cause or in bad faith.

106 Idaho at 377, 678 P.2d at 1110–11.

■ In the instant case, the first felony case against Bacon was dismissed following a preliminary hearing. The prosecutor then refiled the charges and prevailed in having Bacon bound over to district court. All three felony charges failed only because of technical inadequacies in the underlying misdemeanor DUI convictions rather than as a result of lack of evidence or merit. There is nothing in the record that shows purposeful harassment and the refiling of the various charges under these circumstances does not of itself establish

684

harassment. *Stockwell* requires the existence of bad faith to prove a per se due process violation. *See also Rufener v. Shaud,* 98 Idaho 823, 573 P.2d 142 (1977). Neither the magistrate court nor the district court found any evidence of bad faith and our independent review of the record confirms those findings.

The decision of the district court is affirmed.

BAKES, C.J., and JOHNSON and McDEVITT, JJ., concur.

BISTLINE, Justice, dissenting.

The majority opinion does not answer the central issue posed by this case: How many times can the State file a criminal complaint after one has been involuntarily dismissed, against the same defendant for the same offense, before that defendant's due process rights have been violated? Here, Mr. Bacon has been subjected to prosecution three times for the same offense, and once for a lesser included offense. The criminal complaints in this case have been filed and involuntarily dismissed over the span of twelve months. I would hold that three involuntary dismissals are sufficient to place the burden on the State to prove good faith before another attempt at prosecution may commence. The majority improperly places the burden on Mr. Bacon to prove that the State was not acting in good faith, notwithstanding that the facts establish at the least a prima facie case of a due process violation occasioned by either prosecutorial harassment, prosecutorial incompetence, or undue prosecutorial zeal.

It is true that *Stockwell v. State,* 98 Idaho 797, 573 P.2d 116 (1977), has been interpreted by *Rufener v. Shaud,* 98 Idaho 823, 573 P.2d 142 (1977), and later cases to stand for the proposition that "refiling is not prohibited unless done without good cause or in bad faith." *Rufener,* 98 Idaho at 825, 573 P.2d at 144. It is also true, according to a recent Court of Appeals opinion, that "[t]he filing of a second criminal action after dismissing the first is not a *per se* violation of the federal due process clause." *State v. Barlow's Inc.,* 111 Idaho 958, 963, 729 P.2d 433, 438 (Ct.App.1986)

(citations omitted). However, these precedents do not address the facts of this case, where each of three (not two, but three) felony DUI criminal complaints were dismissed by the presiding judge for the same reason: The State could not prove up the underlying misdemeanor DUI offenses.

While the prosecutor may not have had the luxury of relying upon *State v. Mesenbrink,* 115 Idaho 850, 771 P.2d 514 (1989), to instruct him on what was required to prove up the underlying misdemeanors in a felony DUI prosecution, one is left to wonder what, if anything, was done by the prosecutor to buttress his case before he attempted successive prosecutions. Notwithstanding the absence of this information, the majority gives the State the benefit of the doubt, by declaiming that Mr. Bacon has not proved an absence of good faith. As in the game of baseball, a line should be drawn at three strikes. After three failed attempts to prosecute a defendant, this Court should pause to consider the example set when today's implicit holding becomes case precedent. Only where this Court knows the circumstances of the failed prosecutions is it in a position to place its endorsement of an Idaho citizen being subjected to multiple successive prosecutions. Were we privy to the unrevealed circumstances, it very well might be that I could readily concur. But in a vacuum, no.