IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41315

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 569 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 18, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RANGEN MYA YI, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Sallaz & Gatewood, Chtd; David J. Smethers, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Judge

Rangen Mya Yi appeals from the denial of his Idaho Criminal Rule 35 motion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Yi pled guilty to possession of a controlled substance in case numbers CR 2009-3348 and CR 2010-11324. The district court imposed a unified sentence of six years with two years determinate in each case and ordered that the sentences run concurrently. The court retained jurisdiction for 365 days in both cases. Following the period of retained jurisdiction, the court placed Yi on probation for a period of three years. His probation was revoked on May 25, 2012, and the court executed the original sentences. That same day, Yi pled guilty to possession of a controlled substance in case number CR 2011-9966. The district court imposed a unified sentence of seven years with two years determinate and ordered the sentence to run concurrently with the sentences in case numbers CR 2009-3348 and CR 2010-11324. Also on May 25, 2012, Yi pled guilty to delivery of a controlled substance in case number CR 2011-12048. The district

1

court imposed a unified sentence of eight years with two years determinate and ordered this sentence to run consecutive to the other three sentences. The court retained jurisdiction for 365 days in all four cases. Thus, there were four active criminal matters. Yi had also been charged in another case, CR 2012-0000538, but the court had previously dismissed that case pursuant to a plea agreement.

On February 5, 2013, the district court entered separate orders in the four cases relinquishing jurisdiction. On April 12, 2013, Yi filed an Idaho Criminal Rule 35 motion seeking leniency, essentially asking for reconsideration of relinquishment. The listed case number on the motion was CR 2012-0000538, which resulted in the motion being filed in the dismissed case. On June 17, 2013, Yi filed a motion for extension of time to brief the Rule 35 motion in the dismissed case. On the same day, the State informed Yi that the Rule 35 motion and the motion for extension had been filed in the dismissed case, but that relinquishment had not occurred in that case. The State identified the four other cases in which Yi was sentenced, but further noted that a Rule 35 motion would be untimely in those cases. Yi then filed a motion in each of the four cases seeking to correct the case number and a memorandum supporting the Rule 35 motion. The court denied Yi's motion on July 15, 2013, finding that it was without jurisdiction to grant leniency under Rule 35. The district court issued four orders denying relief-- one in each case for which Yi had been sentenced. Yi only filed an appeal in case number CR 2009-3348.

## II.

## ANALYSIS

### A.    Jurisdiction on Appeal

Yi argues that the Rule 35 motion filed in his dismissed case should constitute a timely motion in each of his four cases in which he was sentenced. However, as the State notes, Yi only appealed from the order in case number CR 2009-3348, which limits this Court's jurisdiction to the review of that single case. Idaho Appellate Rule 14(a) requires that a defendant physically file a notice of appeal with the clerk within forty-two days. This requirement is jurisdictional. I.A.R. 21. Yi did not file a notice of appeal in case numbers CR 2011-12048, CR 2010-11324,

2

and CR 2011-9966. These cases were not consolidated. Therefore, this Court only has jurisdiction to review the district court's order denying relief in case number CR 2009-3348.[1]

## B.    Jurisdiction to Hear Rule 35 Motion

Idaho Criminal Rule 35 vests the district court with jurisdiction to consider and act upon a motion to reduce a sentence that is "filed within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction." The 120-day filing limit is a jurisdictional restraint on the power of the court, which deprives the court of the authority to entertain an untimely motion. *State v. Fox*, 122 Idaho 550, 552, 835 P.2d 1361, 1363 (Ct. App. 1992). Yi filed his motion on April 12, 2013, which was within the time requirement, but the motion listed the dismissed case number and so it was filed in that case. Yi did not file anything in any other case until after the 120-day time period had expired. Whether a court lacks jurisdiction is a question of law, over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 757, 101 P.3d 699, 701 (2004). Further, we exercise free review over the interpretation of criminal and civil rules. *See State v. Castro*, 145 Idaho 173, 175, 177 P.3d 387, 389 (2008).

Yi argues that a mistake occurred in listing the wrong case number, which led to the motion being filed in the dismissed case, and he should be forgiven because the State did not suffer any prejudice. Yi relies on *State v. Bacon*, 117 Idaho 679, 680, 791 P.2d 429, 430 (1990). In that case, the defendant was charged with driving under the influence. The charge was initially a misdemeanor, but the prosecutor filed a complaint charging the defendant with felony driving under the influence. The State sought an order appointing a special prosecutor in the case, which the court granted. Due to various procedural errors, the State dismissed the charge several times. The State then filed another complaint in the most recently dismissed case. On appeal, Bacon argued that the amended complaint was invalid because the State used several different case numbers, including one from the previously dismissed case, and that he suffered prejudice. We held the complaint was valid explaining:

---

[1]    The failure to appeal from each order denying relief is troubling since Yi's attorney should have been more sensitive to the procedural posture of these cases due to his failure to properly file the Rule 35 motion. Additionally, Yi (through his attorney) did not respond in the reply brief to the jurisdictional defect or attempt to explain why Idaho Appellate Rule 14 was complied with through the filing of the one notice of appeal.

3

Although the preferred manner of proceeding would have been to file a new case altogether rather than filing an amended complaint, merely having different or incorrect case numbers on the complaint or pleadings as a result of either a clerical or typographical error, or use of a number from a previously dismissed case on the amended complaint, is not sufficient cause to invalidate the complaint. This is particularly true where there is only one event giving rise to the charges contained in all pleadings, i.e., Bacon's operation of his motor vehicle on April 26, 1987. The use of several different case numbers on the various pleadings, including use of the number from a previously dismissed case, has not been shown to have caused or resulted in any error or prejudice to Bacon.

*Id.* at 683, 791 P.2d at 433. Yi contends that his case is similar, and that the relinquishment of jurisdiction in his four cases is the single event that gave rise to the requested Rule 35 relief. The State argues that the relinquishment of jurisdiction was a separate event in the four criminal cases that occurred over several years, and do not stem from the same conduct. We agree. Though the court relinquished jurisdiction in each case on the same day, the sentences imposed in each case arose from different cases from crimes that occurred independently. Further, unlike the amended complaint in *Bacon* that created the court's jurisdiction to preside over the criminal proceeding, here, the Rule 35 motion was filed to extend the court's jurisdiction in the criminal case, but the motion was filed in the dismissed case. The district court viewed Yi's argument more in accord with a request for the court to apply the motion *nunc pro tunc* in each of the four cases. However, as the district court noted, the doctrine of *nunc pro tunc* is not available to correct jurisdictional defects. *See State v. Doe*, 153 Idaho 588, 592, 288 P.3d 805, 809 (2012) (holding that unless a statute or rule grants jurisdiction to revisit a final decree, the decree remains final).

The district court also concluded that Idaho Criminal Rule 36[2] was not available to provide relief under the circumstances because while a true clerical error made in a document filed in an active case before the court can be corrected, a clerical error in a case not pending before the court, here the dismissed case, cannot be corrected. Because the motion was not filed within the court's file, it was unable to correct the mistaken case number. More importantly, even if the court could amend the motion to list the correct case number, this would not have cured the jurisdictional defect. The motion would contain the correct case numbers, but would

---

[2] "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Idaho Criminal Rule 36.

still be filed in the wrong case.  The court would have to order the case numbers corrected and order the motions filed in those cases *nunc pro tunc* to the date filed in the dismissed case.  Such would be beyond fixing a clerical error.

Yi argues that his filing was sufficient to constitute a proper filing under I.C.R. 35 because the error was one of form rather than substance.  Yi relies on previous cases in which this Court reviewed the denial of Rule 35 motions where the defendant merely wrote an informal letter to the presiding judge.  *See State v. Gorham*, 120 Idaho 576, 577, 817 P.2d 1100, 1101 (Ct. App. 1991) (reviewing the denial of Rule 35 motion where the defendant had written "a letter to the judge"); *State v. Torres*, 107 Idaho 895, 897, 693 P.2d 1097, 1099 (Ct. App. 1984) (holding "the district judge did not err by treating Torres' letter as a motion for reduction of sentence under the Idaho rule").  Though Yi is correct that these cases establish that a Rule 35 motion may be accepted where the substance of the motion establishes that the motion is one seeking leniency, the cases are inapposite to whether the district court had jurisdiction in this case where the issue is not the substance over the form of a correctly-filed document.

On the other hand, a misfiled document, acting as a timely filed document, finds some support in federal cases that have provided leniency in the filing requirements based on federal rules.  *See Hernandez v. Thaler*, 630 F.3d 420, 425 (5th Cir. 2011) (interpreting federal appellate rules to provide jurisdiction where notice of appeal was filed in the wrong case due to an incorrect case number on the notice of appeal because intent to appeal from a specific case was plainly evident in the notice and no prejudice resulted); *Farzana K. v. Indiana Dep't of Educ.*, 473 F.3d 703, 707 (7th Cir. 2007) (holding filing an electronic complaint that was rejected by computer system acted as timely complaint where the rejection was due to an incorrect docket number being used).

In this situation, it is not plainly evident that Yi intended four separate motions in four separate cases.  Yi filed only one Rule 35 motion.  That motion made no reference to multiple cases and the motion mentioned only one underlying sentence, not multiple sentences.  There is nothing in the record indicating that Yi attempted to file four motions, the required number to address all of his requested relief, or anything in the motion itself that would indicate Yi sought to challenge each of his four sentences.  While Yi later filed a memorandum in support identifying on its face all four of the active cases, he did not do so in the previously filed Rule 35 motion.  He could not have expected one case number listing to effectuate filing in four cases,

5

even if he actually had originally filed his motion in one of the active cases. There is no information that at the time of filing the original motion he even presented four copies necessary to file in each case (even though the case numbers were not listed). Thus, this Court is unable to determine which of the cases the motion may have been intended to challenge.[3] The sentences in each case stand independent of each other. Though they were imposed on the same day and many of them ran concurrently, Yi would have had to file a motion in order to extend the jurisdiction in each case. We decline to speculate to which of the sentences Yi attempted to seek leniency, and we hold that in order to avoid a jurisdictional defect in circumstances like this, the intent behind the purportedly misfiled document must be plainly evident and may not have caused prejudice to the opposing party. Here, it is unclear which of the four cases Yi sought leniency and it is entirely unclear that he sought leniency in four cases through one motion. We therefore hold that the motion did not constitute a timely filing and the court was without jurisdiction to hear the Rule 35 motion.

### III.

### CONCLUSION

This Court lacks jurisdiction over three of the cases in which Yi seeks relief. Additionally, because Yi did not timely file his Rule 35 motion, the district court was without jurisdiction to grant relief. Therefore, the order denying Yi's Rule 35 motion for leniency is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**

---

[3] To the extent that Yi's attorney mistakenly sought to use one motion to challenge all four cases, the mistake would be one of substance which this Court will not excuse.